### BENTLEY *against* LYMAN:

#### IN ERROR.

</div>

21  81
75  107

21  81
77  140

Where a grand-juror preferred to a justice of the peace a complaint against *B*, alleging that *B*, at *G*, made an assault upon the body of *A*, and him beat and wounded with his fist, and struck many severe blows with clubs, whereby his health was greatly injured and his life despaired of; *B* appeared and pleaded *Not guilty;* whereupon the justice adjourned the cause to a future day, taking *B's* recognizance payable to the treasurer of the town of *G*, for his appearance at the adjourned court; *B* failed to appear, and thereby forfeited his recognizance; in an action of debt, brought by the treasurer of the town of *G*, on such recognizance, it was held, 1. that the justice had final jurisdiction of the complaint within the statute; 2. that the recognizance was properly taken; 3. that consequently, the action was well brought.

THIS was an action of debt, brought by *Lyman*, as treasurer of the town of *Goshen*, against *Bentley*, on a recognizance entered into by him, in the sum of fifty dollars, for his appearance at an adjourned justice's court, to answer to a grand-juror's complaint against him.

The complaint alledged, that *Bentley*, on the 13th of *No-*

*vember,* 1848, at *Goshen,* with force and arms, upon the body of *John De Loughrey* made an assault, and him beat and wounded with his fist, and with clubs him struck many severe blows, whereby his health was greatly injured and his life despaired of. The defendant was duly arrested, and brought before justice *Ives,* and pleaded *Not guilty* to the complaint; whereupon the justice, finding it necessary to adjourn the trial to a future time, adjourned it to the 3d day of *January,* 1849, at the same place; at which time and place the grand-juror appeared to prosecute his complaint; but the defendant made default of appearance.

In the present action, the defendant demurred to the declaration; and the county court adjudged it sufficient, and rendered judgment for the plaintiff to recover forty dollars. The defendant then, by motion in error, brought the record before the superior court; and the latter court affirmed the judgment of the county court. By another motion in error, made by the defendant, the record was brought before this court.

*Seymour,* for the plaintiff in error, contended, That the recognizance upon which this suit was brought, should have been taken to the treasurer of the *county,* and not to the town treasurer.

First, the case stated in the complaint is, upon its *face,* one of a binding-over character. The *averments* therein made are such, that had the justice before whom the trial was held, found them proved, it would have been his duty to have bound over the accused for trial before a higher court. *Stat.* 253. § 147.

Secondly, the averments in the complaint are the same— *precisely* the same—used in complaints filed by state's attorneys in prosecutions for assault and battery, tried before the county courts. If this be so, (and the files of the court shew it,) how can it be said, that this is a case of which the justice had final jurisdiction? *Billings* v. *Avery,* 7 *Conn. R.* 236. 239. *Dutt. Dig.* 544. *Stat.* 260. § 164.

Thirdly, the rule to determine *how* the bond shall be taken, is established, by the *averments made* in the *complaint. Goodwin* v. *Dodge,* 14 *Conn. R.* 206. 209. If the *record* shews, as in this case, that the offence *charged* is one of

which the county court has jurisdiction, the bond should be taken to the *county* treasurer, as well *before* the trial, as *after.* In this case, the record *prima facie* convicts the accused of a crime cognizable by the county court; and had the trial taken place, and the *averments* made in the *record* been *proved,* as *laid,* the accused would have been bound over to the *county court,* and the bond taken to the *county* treasurer.

Can it, under the rule laid down in *Goodwin* v. *Dodge,* make any difference *what* the result of the investigation would have been, before the justice, whether a binding-over, or a seven dollar fine—inasmuch as the accused, at the *time this* recognizance was taken, by the *averments* in the complaint, stood virtually convicted of what was *charged* in the same.

Fourthly, the cases over which a justice has final jurisdiction are few, and specified by statute. Unless section 164. *p.* 260. of the *Revised Statutes,* is confined to the cases over which a justice has *final* jurisdiction, as specified by that statute, where shall the limitation stop? what rule other than the one prescribed by statute, can be adopted? That rule being adopted, puts an end to this case, inasmuch as it is not *one* of the cases embraced in the statute.

Fifthly, at the time the decision in *Goodwin* v. *Dodge* was made, there was no statute authorizing the taking of a recognizance upon an adjournment before a justice's court; and at the time *this* adjournment was made, and *this* recognizance taken, there *was* a statute, which furnishes a rule that is imperative. *Stat.* 260. § 164.

Sixthly, when a statute prescribes a rule for taking bonds, that rule must be *strictly* followed. *Clapp* v. *Hayward,* 15 *Mass. R.* 276. *Pardee* v. *Platt,* 20 *Conn. R.* 402. *Billings* v. *Avery,* 7 *Conn. R.* 236. 239.

*G. H. Hollister,* for the defendant in error, insisted, That the bond was properly taken to the treasurer of the town.

First, the complaint charges only a common assault and battery and breach of the peace, an offence punishable by fine not exceeding one hundred dollars, and by imprisonment not exceeding six months. *Stat.* 237. § 76. The statute, *p.* 254. § 148. leaves it to the justice to form his own

opinion, whether he shall exercise jurisdiction, or whether the offence charged requires a binding-over.

If the information were for rape, arson or murder, and the bond were taken to the treasurer of the town, the declaration would be clearly demurable. *Goodwin* v. *Dodge*, 14 *Conn. R.* 206.

Secondly, the words "final jurisdiction," as used in the statute of 1845, mean *jurisdiction*, and nothing more ; that is, the right to proceed to final *judgment*, as distinct from the duty of a justice of the peace, in higher offences, to hold a kind of court of enquiry, and upon probable cause, to bind over to a higher tribunal. *Stat.* 253, 4. and note ; also *p.* 239. 219.

Thirdly, the right of appeal does not settle the meaning of the words "final jurisdiction." Were the construction put upon these words by the plaintiff in error, to prevail, the final jurisdiction of justices of the peace would be limited to cases arising under the three statutes against profane swearing, drunkenness, and sabbath-breaking. *Stat.* 239. *Darling* v. *Hubbell*, 9 *Conn. R.* 350.

Fourthly, the words "*sole* jurisdiction," in our statutes, mean a different thing from the words "final jurisdiction." *Stat.* 254. § 149.

CHURCH, Ch. J. The only question here, is, whether a justice of the peace, in hearing and trying a grand-juror's complaint for an assault and battery, has final jurisdiction, within the meaning of section 164 of the *Revised Statutes*, concerning crimes and punishments, *p.* 260.

If he has the power to convict or acquit, so that his judgment shall be a bar to a future prosecution for the same offence, his jurisdiction is final, within the meaning of the law in question. And in such case, the recognizance, which was taken in this case, to the treasurer of the town of *Goshen*, is valid, and there is no error in the judgment of the county court.

A justice of the peace has jurisdiction and cognizance of the crime of assault and battery, and may punish it, by fine and imprisonment—by fine not exceeding seven dollars, and by imprisonment not exceeding thirty days. And if, upon *the hearing and trial* of such offence, he shall be of opinion,

that the offence deserves a greater punishment, he may bind over the accused to a higher court. Vid. *Rev. Stat. de* crimes and punishments, § 76. *p.* 237. & § 147. *p.* 253.

*Litchfield,*
June, 1851.

Bentley
*v.*
Lyman.

From these provisions of law, it is evident, that it is the duty of a justice of the peace, in such case, to proceed to hear and try the complaint, as a *trying,* and not as a mere *enquiring* magistrate; and his judgment, until set aside, by due process of law, is conclusive. It is true, if upon such trial, he judges that a greater punishment than he can inflict, is deserved, he may bind over; but he does this in the exercise of his jurisdiction over the cause.

At any rate, the justice of the peace was holding jurisdiction of the offence, when the cause was adjourned, and the recognizance was taken; and the record shews, that he was holding final jurisdiction: he proceeded to conviction and punishment, and no other court then had any jurisdiction in the matter.

We think the law is, that, if the justice of the peace sits as a court of enquiry merely, and a recognizance is taken by him, it must be taken to the treasurer of the county or of the state, as the case may be; but if the offence charged is within his own jurisdiction, and it only depends upon the aggravation of it, as determined by himself, whether the complaint shall be transmitted to another court, he is to be considered as having final jurisdiction within the meaning of the law; and the recognizance, in such case, should be taken, as was done in this case, to the treasurer of the town wherein the offence was committed.

By the expression *final jurisdiction* in the 164th section of the statute under which this recognizance was taken, is not meant ultimate and conclusive jurisdiction; a justice of the peace has no such, except in a few of the most trifling cases; as profane swearing, sabbath-breaking, &c. In all other cases, appeals from his judgment are allowable. A different view of the statute would be quite too narrow.

There is nothing erroneous in the judgment complained of.

In this opinion the other judges concurred.

Judgment affirmed.