## McMILLAN *vs.* NICHOLS.

[WARNER, Chief Justice, was providentially prevented from presiding in this case.]

That the county judge, before suit was brought in the county court, was the plaintiff's attorney to collect the note, and that as such attorney he brought suit thereon in the superior court and withdrew the same, did not so disqualify him to render judgment on the note in the county court as to make his judgment void, it not appearing that he had any concern with the note or with the plaintiff, as attorney or counsel, at or after the commencement of proceedings in the county court. The objection to his competency is not available by affidavit of illegality, if at all.

Illegality. Judgments. Judge. Before Judge RICE. Habersham Superior Court. April Term, 1878.

An execution in favor of Nichols against McMillan was levied upon certain land as the property of the defendant. He interposed an affidavit of illegality, the contents of which are stated in the opinion. On demurrer it was dismissed and he excepted.

G. M. NETHERLAND; ERWIN & COBB, for plaintiff in error.

No appearance for defendant.

BLECKLEY, Justice.

The first ground in the affidavit of illegality was too general and sweeping to present any distinct question for adjudication. The second ground was specific enough, being in these words: "That the judgment from which the said *fi. fa.* issued is a judgment of the county court of Habersham county, and the said judgment is a nullity and void in this, to-wit: that said judgment was rendered by Cicero H. Sutton, as county judge of said county, without the consent of defendant, and against his earnest protest; and the said Cicero H. Sutton, before the institution of the suit on which the judgment was rendered, and also be-

fore the time when he, as said county judge, rendered this judgment, had been and was employed as attorney at law to collect the note on which this judgment was predicated; and that as counsel for the plaintiff he made out and signed a declaration against defendant on this note to sue the same in the superior court of said county, and after defendant confessed service, withdrew the declaration and let suit be instituted on the same in the county court, of which he was, at the time suit was begun and judgment entered by him, the judge and only presiding officer." These allegations do not draw in question the jurisdiction of the county court, either as to the person of the defendant, or as to the subject matter of the suit. The judgment was rendered in a court of competent jurisdiction, and the point made is, that the sole presiding officer of that court was not competent to preside in that particular case. That he ever was of counsel in that case is not charged or intimated. The complaint is that he had once been employed to collect the note, and had taken steps, as counsel, to enforce collection in another court, and, having discontinued these, that he " let suit be instituted in the county court." There is no allegation that he *caused* suit to be brought in the county court, or that he had any concern with the note or with the plaintiff at or after the commencement of proceedings in the county court. Nor does it appear that the case in the superior court ever came to any issue upon which litigation could be had, or even that any issue was raised in the county court. It does appear that in the latter court, the defendant protested against the competency of the judge to render the judgment. The defendant seems to have had his day in court, and the only use he made of it was to protest. When his protest was disregarded, he seems to have acquiesced instead of taking the case, as he might have done, to a higher tribunal. The proceedings of the county court were subject to review by the superior court, but the defendant called for no review. We do not think the facts require that the judgment should be held to be absolutely

void. Every reasonable presumption in favor of the competency of the judge is to be indulged. We are to suppose that he returned the note to his client, and that his connection with it as counsel ceased, and that he was wholly disinterested in the suit which was subsequently instituted, and in which he presided as judge. Certainly, it does not appear that he ever was of counsel *in that case;* and that he was formerly of counsel in another incipient case founded on the same note, while it might disqualify him so as to render his judgment voidable, does not bring him within the letter of section 205 of the Code, which section reads as follows: "No judge or justices of any court, no ordinary, justice of the peace, nor presiding officer of any inferior judicature or commission, can sit in any cause or proceeding in which he is pecuniarily interested, or related to either party within the fourth degree of consanguinity or affinity, nor in which he has been of counsel, without the consent of all the parties in interest," etc. The "cause or proceeding" in which Judge Sutton sat was not the same "cause or proceeding" in which he had been of counsel, nor even in the same court. If it had been whether his judgment even then would have been entirely void (the defendant having appeared, and the court, as a *court*, having had jurisdiction) may admit of discussion. The effect of incompetency of the judge was, at the common law, to render his judgment voidable, not void. 16 Eng. Law & Eq., 63. Statutory disqualification seems to cut deeper. Freeman on Judg., §§144, 145, 146. However, under the Code of Alabama, which is substantially the same on this subject as our own, a waiver of the disqualification being in both expressly provided for, it has been held that though no waiver affirmatively appears on the record, the judgment is only voidable. 45 Ala., 496. Finally, it should be noticed that we are dealing with an affidavit of illegality; and, as the defendant protested before the judgment was rendered, the presumption is that he was in court at the time, and thus that he appeared and had his day in court. He now seeks

to go behind the judgment, not because the court was without jurisdiction, but because the judge was under disability. This, under the circumstances, is too much for an affidavit of illegality. Code, §3671. If any step so far backward can now be taken, it must be by some other means, and were it our business to advise (which it is not), we would not know what means to suggest, since it is too late for appeal or *certiorari*. In the matter treated of in *Burnside vs. Terry*, 45 *Ga.*, 621, namely, the approval of a deed conveying homestead property, by an ordinary who was related to the purchaser, neither appeal nor *certiorari* would lie. Indeed, that was not a matter in any court, but before the ordinary out of court. It was not a suit in a court of competent jurisdiction, and the parties interested were not bound to attend, and in fact did not all attend. A judgment rendered in a regular suit is more difficult to overthrow than is an act of mere prudential revision by an officer—an act having only a commercial bearing, and requiring neither process nor service to begin and consummate it

Judgment affirmed.