## CHARLES J. KETCHUM vs. JAMES ALLEN.

A sale of property exempt from attachment, though made in the belief on the part of both seller and purchaser that it was not exempt and for the purpose of evading an expected attachment, is yet good in law against creditors.

The statute exempts from attachment "one boat, owned by one person, and used by him in the business of planting or taking oysters or clams, not exceeding $200 in value." Such a boat was sold by the owner to evade an attachment by one of his creditors, the purchaser knowing the facts. Held that the fact that, if fraudulent as to creditors, the property would be no longer protected by the statute as the seller's, because not now used by him in his business, did not affect the case.

REPLEVIN for a sail-boat; brought to the Court of Common Pleas of Fairfield County and tried to the court before *Hall, J.* Facts found and judgment rendered for the plaintiff. Motion in error by the defendant. The case is sufficiently stated in the opinion.

*H. S. Sanford*, for the plaintiff in error.

*I. M. Bullock* and *E. M. Lees*, for the defendant in error.

GRANGER, J. The matter in controversy is the title to a sail-boat of less than $200 value, which was owned prior and up to October 5th, 1877, by one Handley, and was used by him in his business of planting and taking oysters and clams. On the day mentioned Handley learned that the defendant intended to attach the boat in an action of trespass against him and one Gregory, and not knowing that it was exempt

from attachment and with a view to prevent the same from being taken under the defendant's process, he sold the boat to the plaintiff, and the plaintiff, knowing the intention of Handley to prevent the attachment, purchased the boat, took a bill of sale of it, and paid Handley $100 for it by draft on his bankers in the city of New York. It was the intention of both parties that the sale so made should vest the title to the boat absolutely in the plaintiff. The boat was exempt from attachment by statute (Gen. Statutes, p. 456, sec. 10). It is among the articles of property enumerated in that section, which provides that the articles and property therein specified shall be "exempted and not liable to be taken by warrant or execution;" the provision with regard to a boat being that it shall be "owned by one person and used by him in the business of planting or taking oysters or clams, not exceeding in value two hundred dollars."

So long as the boat remained the property of Handley and was used by him in his business it was absolutely protected by the statute from attachment. But the defendant seems to have entertained the idea that the sale of the boat by Handley under the circumstances found by the court deprived the property of the protection of the statute, and that after the sale it could be attached as Handley's property. This is an entirely erroneous idea. It certainly cannot be claimed successfully, nor even plausibly, that the owner of any of the articles enumerated in the statute referred to may not dispose of them by sale or otherwise as he may see fit. Were it otherwise the object of the statute, which is a humane one, and passed for the benefit and protection of poor men, would be well nigh if not entirely defeated. If the man with one cow, perhaps of the value of $150, may not sell her and purchase one worth less money, and use the balance for the benefit of his family, of what real benefit is the exemption to him? Cases may well be supposed where the benefit would be very little or none at all. The cow might receive an injury that would destroy her usefulness as a milch cow, and the owner might wish to dispose of her to the butcher, and with the avails of the sale purchase another. Can a creditor stand

by and, when the animal is delivered into the butcher's possession, attach her and hold her under the attachment as the property of the poor man? The question needs only to be stated to show its absurdity, to say nothing of its injustice. We see no difference between the poor man with his one cow, and the poor fisherman with his one boat.

But the defendant says that because the object of the sale was to prevent the attachment of the boat, the sale was fraudulent as to creditors, and that therefore he as a creditor had a right to attach it; with the further claim that, as after the sale it remained the property of Handley so far as his creditors were concerned, it was no longer protected by the statute as exempted property, because not now "used by him in the business of planting or taking oysters or clams." There is neither law nor reason in this claim. No matter what the object of Handley was in making the sale, it did not and could not operate to defeat any right or claim of the defendant. The property was placed beyond his reach by positive law. The statute stood as an insurmountable barrier between the defendant and the property, and no one could remove it but the owner; he might relinquish the protection of the statute and consent that it should be attached, but in no other way could the defendant appropriate the property for the payment of his debt. Handley had therefore a perfect right to sell it, as against his creditors, and there is therefore no ground for the further point made that, if it was still his property as regards his creditors, it was no longer protected as being no longer used in his business. That fact can not enter into the case in such a way as to affect the character of the sale, which as we have said was valid in itself.

There is no error in the judgment of which the defendant complains.

In this opinion the other judges concurred.