GEORGE I. KEELER vs. FRANCIS D. STEAD.

Fairfield Co., March T., 1888.  PARK, C. J., CARPENTER, PARDEE,
LOOMIS and BEARDSLEY, Js.

The act of 1882 (Gen. Statutes, § 672), which provides that no justice of
the peace shall act as such in any civil action, where any person occu-
pying the same office with him or standing in any one of certain per-
sonal relations to him, shall have drawn the complaint, does not repeal
the act of 1875 on the same subject.

The disqualification created by that act renders a judgment passed by a
justice so disqualified void.

Another statute (Gen. Statutes, § 676), provides that the disqualification
may be removed by an agreement of the parties to the suit made in
writing in court.  The provision of this mode of removing the dis-
qualification excludes all others.

A waiver of objection to the disqualification by going to trial before the
justice with knowledge of its existence, is a different thing from the
removal of the disqualification.  Such a waiver can have no effect, be-
cause the trial of the case by the justice, he having no power to act, is
a void proceeding, and not a mere irregularity.

[Argued May 8th—decided June 2d, 1888.]

WRIT OF ERROR from the judgment of a justice of the
peace; brought to the Court of Common Pleas of Fairfield
County.

The complaint alleged that the defendant in error, on the
6th day of October, 1886, brought a civil action against the
plaintiff in error and obtained a judgment therein, a copy
of the record of which was annexed to the complaint; and
that "there was error in said judgment in this, that said
justice had not jurisdiction, and was disqualified to try said
cause, for the reason that at the time said action was brought
the plaintiff's attorney who signed said writ and filled up the
writ and declaration in said case, occupied the same office
with the said justice."

The defendant in error demurred to the complaint, on the
ground that it showed no legal error in the judgment, and on
the further ground that the plaintiff in error had filed his

answer and made defense in the action without making any objection to the hearing of the case by the justice, and the complaint did not allege that he had not at the time full knowledge of the facts now set up as disqualifying the justice.

The court (*Hall, J.*) sustained the demurrer and rendered judgment for the defendant in error. The plaintiff in error appealed.

*J. B. Hurlbutt*, for the appellant.

1. The justice was entirely disqualified to act by the following statute :—" No one shall act as justice of the peace in the trial of any civil action which shall have been brought, or in which the writ or declaration shall have been filled up, by any one occupying the same office or apartment with him." Acts of 1875, ch. 37, sec. 1. This statute has not been expressly repealed, nor can it be regarded as impliedly repealed by the act of 1882 on the same subject, as there is no repugnancy between them. *Carver* v. *Smith*, 90 Ind., 222. It was therefore in force when the suit in question was brought and expressly forbade the acting of the justice in it.

2. The justice being disqualified, how could the disqualification be waived ? Gen. Statutes, § 676, is the same as the law of 1875, and provides that it must be done " by consent of the parties, in writing, given thereto in court." This was not done in this case. Can jurisdiction be given in any other way? We say not. A judge's acts, disqualified by statutory prohibition, are void, not voidable merely. Freeman on Judgments, § 146, and cases cited ; *Oakley* v. *Aspinwall*, 3 Comst., 547 ; *Sigourney* v. *Sibley*, 21 Pick., 101 ; *Hall* v. *Thayer*, 105 Mass., 224. At the common law a different rule prevailed. Freeman on Judgments, § 145, and cases cited. No consent of the parties can give jurisdiction to a judge, disqualified by statute, unless done in the way pointed out by statute. Freeman on Judgments, § 120, and note 4 ; *Mercier* v. *Chase*, 9 Allen, 242 ; *Bent* v. *Erie Telegraph Co.*, 144 Mass., 165 ; *Beach* v. *Botsford*, 1 Doug.

(Mich.), 199 ; *S. C.*, 40 Am. Dec., 45, note ; *Thornton* v. *Baker*, 4 N. Eng. Rep., 758. And this must be true in reason as well as from authorities, for to hold otherwise would be to reverse the statutory order and ripen a permission into a right, subject to objection, clearly contrary to the spirit of the statute. It would compel the party always to make the objection by plea in court in order to avail himself of the law, while the statute says he must consent in writing, not object in writing. If then the party is not bound to make his objection in writing, he may show the error in fact by his writ of error, as in cases where the party had no legal capacity to appear, or where the court had no power to render judgment. 1 Swift Dig., 790 ; *Jaques* v. *Cesar*, 2 Saund., 101 ; Practice Act, form 460.

3. A judgment void by reason of want of jurisdiction in the court may be reversed upon writ of error. *Stonington* v. *States*, 31 Conn., 213.

*J. A. Gray*, for the appellee.

1. The statute upon which the plaintiff in error relies was impliedly repealed by the act of 1882 which was intended to incorporate all the old laws that the legislature desired to retain and to furnish the entire statutory provision on the subject ; and this later statute omits the provision which alone made the former statute applicable to the case. Acts of 1882, ch. 16. See *Parrott* v. *Stevens*, 37 Conn., 93. This act was amended in 1884 which clearly shows, we think, that the General Assembly considered it the only statute upon the subject of disqualification of justices up to that time. Acts of 1884, ch. 39. The late commission so understood and so revised the law previous to the incorporation of the acts of 1887 into their work ; and so reported their work to the General Assembly, which was accepted and declared by that body to be the statute laws of the state. Commissioners' Report, § 719. From 1882 to 1887, if the party signing and filling up the writ only *occupied* the same office with the justice before whom he chose to bring his action, there was nothing to prevent the justice taking cognizance of the

cause, and trying it, and rendering a valid judgment. The statute of 1887, which introduced the " occupying " of the same office, we think would not have been passed if there had been any such provision already to be found in our statutes. Acts of 1887, ch. 50. Any other interpretation would give the act no significance whatever.

2. The disqualification, if it exists, is only a conditional one, and may be waived by the defendant if he appears. The statute prescribes one way in which certain disqualifications *may* be waived, but it does not follow, we think, that it is the only way in which a waiver may. be made. Filing the answer in writing, signed by the defendant's counsel, with the plaintiff's pleadings, signed by his counsel, would be a sufficient waiver, and would be the " consent of the parties in writing, given thereto in court; " at least it would be a compliance with the spirit of the statute., Gen. Statutes, § 676 ; *Crone* .v. *Daniels*, 20 Conn., 333. The same facts would constitute a waiver of the objection or would sustain a verdict where a disqualified juror had been on the panel. *Pettibone* v. *Phelps*, 13 Conn., 452 ; *Woodruff* v. *Richardson*, 20 id., 241. It is not alleged nor claimed that the plaintiff did not know of this objection before the trial. To entitle him to relief he must show in his writ that he had no knowledge of the objection until after the trial. If he did he was bound to make it at that time ; his omission amounts to a waiver. A party should not be permitted to lie by, after having known of a defect of this kind, and speculate upon the result ; and complain only when the judgment becomes unsatisfactory to him, and which has been obtained by the other party at great cost of money and time. *Selleck* v. *Sugar Hollow Turnpike Co.*, 13 Conn., 459 ; *State* v. *Tuller*, 34 id., 294. The statute expressly gives a remedy in case there is any statutory objection to the justice trying the cause. Either party could have had the cause assigned to another justice if he had only requested it, and if the justice was known to be disqualified it was his duty to have done it. Gen. Statutes, § 673. Writs of error from the judgments of justices of the peace are in

truth only applications for new trials, and this court has said :—" We see no occasion to apply different principles to these different modes of applying for new trials ; " also that " the rule is well known that a petition for a new trial for extrinsic causes will not be sustained if the ground of it exists at the time of trial, and was either known to the petitioner at the time or might have been known by him by using due diligence." *Quinebaug Bank* v. *Leavens*, 20 Conn., 88 ; Swift's Digest, 787 ; Gen. Statutes, §§ 1147, 1151. Freeman (on Judgments, § 144), says, in discussing the question of the disqualification of judges :—" If the facts are known to the party recusing, he is bound to make his objection before issue joined, and before the trial is commenced, otherwise he will be deemed to have waived the objection, in cases where a statute does not make the proceedings void." See also *Denslow* v. *Moore*, 2 Day, 21 ; *Alling* v. *Shelton*, 16 Conn., 436 ; *Andrews* v. *Wheaton*, 23 id., 115 ; *Weed* v. *Weed*, 25 id., 498 ; *Brown* v. *Congdon*, 50 id., 308 ; *Moses* v. *Julian*, 45 N. Hamp., 52.

BEARDSLEY, J. This is a writ of error from the judgment of a justice of the peace, appealed to this court from the Court of Common Pleas.

The plaintiff alleges in his complaint that the defendant in error, on the 6th day of October, 1886, recovered judgment against him in a civil action tried before a justice of the peace, and that such judgment is erroneous because the plaintiff's attorney, who filled up and signed the writ in the action, then occupied the same office with the justice who rendered the judgment. The record of the proceedings before the justice is made a part of the complaint, by which it appears that the parties proceeded to trial before the justice, the defendant, now plaintiff in error, making no claim that the justice was disqualified to try and decide the cause.

The defendant in error demurred to the complaint, and the court rendered judgment sustaining the demurrer.

It is admitted that the magistrate who filled up and signed the writ occupied the same office with the justice before

whom the case was tried.    Was the justice thereby disquali-
fied? and if so, did the defendant, now plaintiff in error,
waive the disqualification, in legal effect, by proceeding to
trial before him?    These are the questions in the case.

The plaintiff in error claims that the justice was disqualified
by the following statute : "No one shall act as justice of the
peace in the trial of any civil action which shall have been
brought, or in which the writ or declaration shall have been
filled up by his partner, or by any one occupying the same
office or apartment with him."    Acts of 1875, ch. 37, sec. 1.

The defendant in error claims that this statute was not in
force when the suit before the justice was brought and tried,
but had been repealed.    To understand this claim it is ne-
cessary to refer to an earlier statute, which provided that
"no judge or justice of the peace shall act as such in any
civil action in which he or his partner, clerk or student, shall
have drawn or filled up the writ or declaration, nor in any
criminal matter." This act was passed in 1846, (Acts of
1846, ch. 9,) and is to be found in the Revision of 1875,
p. 60, sec. 4.

An act passed in 1882 re-enacted the provisions of this
statute, and added to the words "partner, clerk or student,"
contained in it, the further words "son, father, brother,
father-in-law, brother-in-law and son-in-law," and concluded
by expressly repealing the act of 1846.    Acts of 1882, ch. 16.
The defendant in error claims that it also impliedly repealed
the statute of 1875 upon which the plaintiff in error relies.

The act of 1875 specifies a distinct ground of disqualifica-
tion, applying to civil actions only.    There is no appearance
of inconsistency between it and the act of 1882, nor do we
discover any foundation for the claim that the act of 1882
was intended as a revision of the whole subject to which it
relates and a substitute for all the acts concerning it.    The
fact that the legislature, while repealing the earlier statute
to which we have referred, did not repeal the act of 1875,
shows that they designed that it should remain in force.

In 1887 an act was passed containing the provisions of
the two acts of 1875 and 1882.    Acts of 1887, ch. 50.    The

defendant in error claims that it appears from this enactment that the legislature regarded the act of 1875 as having been before repealed. A sufficient explanation of this legislation is, that it was intended to embody in one statute the germane provisions of the two acts. The defendant says that the provision of the act of 1875 was not contained in the report of the revising committee to the legislature of 1887, and claims, as we understand him, that the legislature recognized the propriety of that omission in adopting their report. But the report was not to go into effect until after it had been revised and corrected. Before it had been referred back to the committee for that purpose, the act of 1887, to which we have just referred, was passed, not improbably to remedy the omission in the report of the committee.

We conclude that the justice was disqualified to act in the case in question. This being so, the judgment rendered by him was void, unless the plaintiff in error in legal effect waived the disqualification.

The defendant claims that he did so by proceeding to trial, presumably with knowledge of the disqualification of the justice, as he has not alleged or proved that he was ignorant of it.

But as the justice was disqualified to act in the case his action could have no legal validity or effect. Although it is a case of want of power to act, and not strictly one of want of jurisdiction, yet the result in both cases must be the same; the judgment must be void. And as in the case of want of jurisdiction there can be no waiver of the defect, and jurisdiction cannot be conferred even by the agreement of the parties, so here a waiver can have no effect, and an agreement of the parties could have none if it were not for a statute expressly providing for that mode of removing the disqualification. That statute provides that " when any justice of the peace shall be disqualified to act in any proceeding before him, he may act by consent of the parties in writing given thereto in court." Gen. Statutes, § 676.

This mode having been thus provided must be followed if

the parties desire to remove the disqualification; while a mere waiver of all objection to the disqualification, by the conduct of one of the parties, or in any other mode, can have no effect whatever.

It is with regret that we feel ourselves compelled to come to this result. We should be glad to hold that the plaintiff in error is estopped by his conduct from claiming that the justice was disqualified to act. But in our view of the law we cannot give this effect to his conduct. The legislature alone can furnish a remedy for the evil, for such we regard it.

The judgment of the Court of Common Pleas was erroneous and is reversed.

In this opinion PARK, C. J., PARDEE and LOOMIS, Js., concurred.

CARPENTER, J., was of opinion that the acting of the justice under the disqualification was an irregularity that could be waived, and was not absolutely void; and that the conduct of the plaintiff in error in going to trial before him with knowledge of the disqualification was a waiver of objection to it, and that he was estopped from setting it up in the present case.