# THE STATE OF CONNECTICUT *vs.* THOMAS K. HARTLEY.

Second Judicial District, Norwich, April Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The first section of Chap. 161 of the Public Acts of 1895 (Rev. of 1902, § 1482) authorizes the prosecuting attorney of the Criminal Court of Common Pleas to file in appealed cases, in lieu of the original complaint, an information charging the same offense, or any other offenses which would have been within the jurisdiction of the primary court. *Held* that under this section an offense committed outside the territorial jurisdiction of the inferior court could not be charged.

Section two of the Act (Rev. of 1902, § 1483) permits the filing of an original information, during the session of the court, for any offense committed within its territorial jurisdiction, provided such offense would have been within the "final jurisdiction" of the local court having cognizance of it. *Held* that under this provision the prosecuting attorney might charge in one count a crime committed in one town, and in another count a crime committed in another town; and that "final jurisdiction" did not mean the power of rendering a judgment from which there was no appeal, but merely a judgment which was decisive in itself, as distinguished from a binding-over order.

The law will not protect an officer in doing that which it has expressly commanded him not to do. Accordingly where an officer attempts to attach property exempt from attachment, its owner has the right of reasonable resistance.

A judge presided twice over a jury trial in a criminal cause, in violation of Chap. 128 of the Public Acts of 1899 (Rev. of 1902, § 500), without a written waiver as provided by § 841 of the General Statutes (Rev. of 1902, § 498). *Held* that the disqualification of the judge was not waived by the parties by merely proceeding to trial; but that the action of the court was erroneous only, not void.

Argued April 30th—decided July 18th, 1902.

INFORMATION for resistance to an officer in the discharge of his duty, brought to the Criminal Court of Common Pleas in New London County and tried to the jury before *Noyes, J.;* verdict and judgment of guilty, and appeal by the accused for alleged errors in the rulings and charge of the court. *Error and new trial granted.*

The case is sufficiently stated in the opinion.

*Seneca S. Thresher*, for the appellant (the accused).

*Hadlai A. Hull*, Prosecuting Attorney, for the appellee (the State).

HALL, J.  The accused was originally tried before a justice of the peace of the town of Preston, in New London county, upon a complaint charging him with breach of the peace, and resistance to an officer in said town of Preston.  He was found guilty, and appealed to the Criminal Court of Common Pleas of New London county, where the prosecuting officer filed an information containing two counts, charging the same offenses as were charged in the complaint.  Upon that information the accused was acquitted upon the first count, and convicted upon the second.  Upon the defendant's appeal to this court a new trial was granted, as reported in 74 Conn. 64.

Before such retrial was had, the prosecuting attorney filed another information, containing two counts, the first charging the same offense charged in the second count of the first information—upon which the accused had been convicted and a new trial granted—namely, resistance to an officer in the town of Preston, by forcibly taking and carrying away goods from the possession of said officer which, as such officer, he was holding under attachment by virtue of a writ in a civil action against one Gevers; and the second count charging the accused with resisting—in the town of Norwich, adjacent to the town of Preston, in New London county—the same officer, on the same day, by forcibly carrying away the goods held by the officer by attachment under the same writ described in the first count.

Counsel for the accused objected to the filing of this second information, upon the following grounds: (1) The offense charged in the second count was not within the jurisdiction of the justice court of Preston from which the appeal was taken, but within the jurisdiction of the City Court of Norwich.

(2) Said offense was not within the final jurisdiction of the City Court of Norwich. (3) Two distinct offenses arising in different towns in the county could not be joined in one information.

These objections were properly overruled. Section 1 of Chap. 161 of the Public Acts of 1895 (Rev. of 1902, § 1482) provides that such prosecuting attorney may file in said court, in appealed cases, " in lieu of the complaints therein, informations for the same or any other offenses which would have been within the jurisdiction of the court from the judgment of which the appeal was taken." This section applies to appealed cases only, and empowered the prosecuting attorney to file, in lieu of the complaint, an information charging the defendant with the offense described in the first count of the present information, which is the same offense charged in the second count of the original complaint. He might also, under the authority of this section, have charged in the information an offense not described in the original complaint, provided it would have been within the jurisdiction of the Preston justice of the peace ; but he could not under that section have charged an offense not cognizable by such justice.

But under the second section of the same act (Rev. of 1902, § 1483), which provides that such prosecuting attorney may file in said court when in session an information for any offense occurring within the territory within which said court has jurisdiction, provided such offense " would have been within the final jurisdiction of the respective justice, city, borough, town, or police courts having jurisdiction of the same," he was empowered to file, when the Criminal Court of Common Pleas was in session, an information for the offense committed in the town of Norwich, and described in the second count of the present information, since that was an offense occurring within the territory within which the Criminal Court of Common Pleas has jurisdiction, and was within the final jurisdiction of the City Court of Norwich.

By the expression "final jurisdiction," as used in this section, is not meant the power to render a judgment which may not be appealed from, but the power to render a judgment

which is final, as distinct from a judgment or order binding the accused over to a higher court. *Bentley* v. *Lyman*, 21 Conn. 81.

As the prosecuting attorney was thus authorized to file informations charging these two offenses, it was proper for him upon filing them to join the two offenses in one information. Public Acts of 1893, Chap. 145, § 2 (Rev. of 1902, § 1484).

The trial court rejected the evidence offered by the accused for the purpose of proving that the property attached by the officer, and which the defendant, a truckman, was removing for the owner (the defendant in said attachment suit), was household furniture exempt from attachment, and charged the jury that the question of whether the furniture attached came within the statutory exemption "must be determined in a regular way"; that "neither the owner of the goods, nor any one else, has the right forcibly to take them away from the officer when they have been duly attached"; and that the fact that the goods were household furniture need not be taken into consideration by the jury in making up their verdict.

Both the ruling and the charge were erroneous. The count under which the accused was convicted, alleges that the goods in question were taken from the possession of the deputy-sheriff Draper while, in the execution of his office, he was holding them under attachment. The right to attach property on mesne process, before the debt or claim has been established by judgment, is an extraordinary power, given by statute against common right, and in order to make a valid attachment officers must strictly observe the requirements of the laws relating to such attachments. *Sanford* v. *Pond*, 37 Conn. 588, 590; *Ahern* v. *Purnell*, 62 id. 21, 24. An attachment upon mesne process, of the goods of a person other than the defendant named in the writ, is a tortious act which renders the officer liable to the owner in an action of trespass. *Meade* v. *Smith*, 16 Conn. 346, 367; *Calkins* v. *Lockwood*, 17 id. 154, 176. The officer is equally liable as a trespasser if he takes by attachment goods which are exempt from attachment. *Montague* v. *Richardson*, 24 Conn. 337. In both of these cases the attachments are void, since under the precepts

State *v.* Hartley.

of the writs the officer has no power to attach the property taken. In the case of exempt property the attachment is expressly forbidden by the statute, the language of which is that such property "shall be exempted, and not liable to be taken by warrant . . . or execution." General Statutes, § 1164 (Rev. of 1902, § 907). It was thus "absolutely protected by the statute from attachment." *Ketchum* v. *Allen,* 46 Conn. 414, 415. Assuming it to be true, as the accused offered to prove, that the goods in question were exempt from attachment, they were then unlawfully taken by the officer, and the owner, and the accused as his agent, had the right to retake them, using only reasonable force. 1 Swift's Digest, s. p. 461. In the case of *Bowler* v. *Eldridge,* 18 Conn. 1, 16, it was expressly held that property in the possession of an officer under a valid writ of attachment might lawfully be retaken by force, by the agents of one having the legal custody of it under a prior claim. "That a man may defend his person, his lands, or his goods, against the intrusion or invasion of those who have no lawful authority over them, would seem entirely unquestionable." *Commonwealth* v. *Kennard,* 8 Pick. 133, 137; *Commonwealth* v. *Donahue,* 148 Mass. 529. The case of *People* v. *Clements,* 68 Mich. 655, 658, closely resembles the one at bar. The defendant in that case was informed against for resisting the sheriff in his attempt to attach property under civil process, which the defendant claimed was exempt from attachment. The accused asked the trial court to charge the jury that he had the right to use such reasonable force as was necessary to prevent the taking of this property by the officer. The court charged that the legislature did not intend that the debtor should be the judge of his own case and enforce his own judgment by physical force. In the opinion reversing the judgment of the trial court, Chief Justice Sherwood said: "No writ in this State authorizes the sheriff to levy upon such property, and, when he does it, it is at his own peril. The law will not protect him in doing that which it has expressly commanded him not to do. Neither is the debtor compelled to submit to such trespass without reasonable resistance."

It appears in the case at bar that the accused used only reasonable force in taking the goods from the officer, he having merely driven away "his team with the portion of the (attached) furniture remaining thereon." For such act, upon proof that the furniture thus taken was exempt from attachment, the trial court should have charged the jury that the accused was entitled to an acquittal under the second count of the information.

Chapter 128 of the Public Acts of 1899 (Rev. of 1902, § 500) provides that "no judge of any court who shall have presided over any jury trial, either in a civil or criminal case in which a new trial shall be granted, shall again preside at the trial of such case." By § 841 of the General Statutes (Rev. of 1902, § 498) it is enacted that "when any judge shall be disqualified to act in any proceeding before him, he may act by consent of the parties in writing given thereto in court."

By inadvertence the same judge who presided over the former trial presided at the second trial. No question as to his disqualification was raised in the trial court, nor was any written waiver filed. In the reasons of appeal to this court such action of the trial judge is assigned as error, and also as rendering the entire proceedings of the second trial void.

The trial judge was disqualified, although the offense described in the second count, upon which the accused was convicted, was not charged in the information upon which the accused was first tried in the Criminal Court of Common Pleas. The two offenses charged, which in most of their features were identical, were joined in one information and tried together, and practically constituted the same case in which the new trial was granted.

The disqualification of the judge was not waived by the parties by merely proceeding to trial. "A waiver is the intentional relinquishment of a known right." It is not found in this case that the parties knew of the disqualification of the judge. But it does not follow, because there was no waiver of such disqualification of the judge, that the judgment rendered by him and the proceedings before him at the second trial were absolutely void. At common law such judg-

ments were not void, but such a disqualification, if not waived, was merely a ground upon which the judgment might be set aside upon writ of error or appeal. *Moses* v. *Julian*, 45 N. H. 52; *Case* v. *Hoffman*, 100 Wis. 314, 356; Freeman on Judgments, § 145. In several of the States the common-law rule has been changed by either constitutional or statutory provisions, absolutely prohibiting judges from sitting in certain cases, and in these jurisdictions the action of judges in such cases has been held to be *coram non judice*, and void. *Oakley* v. *Aspinwall*, 3 N. Y. 547; *Case* v. *Hoffman*, 100 Wis. 324; *Horton* v. *Howard*, 79 Mich. 642; *Hall* v. *Thayer*, 105 Mass. 219; *Moses* v. *Julian*, 45 N. H. 52; Freeman on Judgments, § 146. The ground of these decisions seems to have been that such absolute prohibitions were intended to be in the general interests of justice, rather than for the benefit of the parties to the action, and that, as the parties to the suit were not given the power to waive the disqualification, the judge was divested of jurisdiction in the case by force of the express statutory prohibition, and his action therefore became unlawful and void, rather than merely irregular. In States where judges, notwithstanding such statutory prohibitions, are permitted to act by consent of the parties, it has been held that in the absence of such consent the disabilities created by the statute rendered the proceedings of the court erroneous only, and not void. *Hine* v. *Hussey*, 45 Ala. 496, 513; *McMillan* v. *Nichols*, 62 Ga. 36; *Rogers* v. *Felker*, 77 id. 46; *County of Floyd* v. *Cheney*, 57 Iowa, 160; *Holmes* v. *Eason*, 8 Lea (Tenn.), 754. Where statutes provide that the parties may waive the disqualification, "it is entirely reasonable to hold that, if no express objection appears, the judgment will be voidable at most, not void." 1 Black on Judgments, § 174; Freeman on Judgments, § 146.

The Act of 1899, above quoted, must be read in connection with § 841 of the General Statutes of 1888. When so read the statutory prohibition is not absolute, since it is provided that the judge may act by the written consent of the parties. The Act therefore did not divest the judge of the Criminal Court of Common Pleas of jurisdiction of the case, or render

his action illegal and void. Its effect, at the most, in this case, was to create a disqualification which might have been waived by the parties, and which, not having been waived, rendered his action erroneous.

In so far as the case of *Keeler* v. *Stead*, 56 Conn. 501, holds that such action of a judge thus disqualified could have no legal validity or effect, it is overruled.

There was no error in the ruling of the court excluding the question asked the officer upon cross-examination, as to his refusal to attach the household furniture unless some one would protect him.

The judgment of acquittal upon the first count, not having been appealed from, must stand. For the reasons given the judgment on the second count is set aside and a new trial granted.

Error and new trial granted.

In this opinion the other judges concurred.