## WOOD *v.* CAUTHEN *et al.*

*M. J. Head,* for plaintiff in error.  *J. S. Edwards,* contra.

BECK, P. J.  Mrs. Louvenia Cauthen and Mrs. Lola J. McTyre brought complaint for land against D. A. Wood, alleging that defendant was in possession of the land in controversy, and that they claimed title thereto.  The defendant filed his answer admitting possession and claiming the right of possession as one of the heirs of H. C. Wood.  The answer also set up other matters of defense against the title relied upon by the plaintiffs.  Both sides introduced evidence, and after the conclusion of the evidence and arguments of counsel the court directed a verdict for the plaintiffs.  The defendant made a motion for a new trial, in which he excepted to rulings upon the admission of evidence, and to the direction of a verdict.  There were also exceptions pendente lite raising the same questions that are raised in the motion for a new trial.  The court overruled that motion, and the defendant excepted.

██  The rulings in headnotes 1 to 5, inclusive, do not require elaboration.

■  During the progress of the trial counsel for plaintiffs offered in evidence a deed, saying, "I offer deed from H. T. Wood and Martha Wood to the plaintiff, Lola McTyre, dated the 22d of November, 1926, recorded Nov. 8, 1926, conveying the lands in dispute."  To the introduction of this deed Mr. Head, counsel for defendant, interposed the following objection:  "It appears to be witnessed by Mrs. John P. Fitzgerald.  It don't appear to be an official witness."  Mr. Edwards:  "It says, ' My commission expires February 26th, 1926.'"  Mr. Head:  "And the deed has not been probated."  The court:  "It must appear that the party was a notary public; and where the seal goes on and that impression shows it, I think it is the same; that's what I have been holding. I will let it in."  To this ruling the defendant excepted.  There is nothing else in the record to show how this deed was witnessed.  It does not appear that it was not duly witnessed in form, one of the witnesses being apparently an official witness.  We will not take the mere recital, "My commission expires February 26, 1926," as evidence that the commission of the official witness had actually expired; for we infer from the remark of the court then made, "It

must appear that the party was a notary public; and where the seal goes on and that impression shows it, I think it is the same," that the signature of the official witness was followed by a seal and on the face of it the execution of the paper was regular; and the court properly admitted it.

It is not necessary to elaborate the rulings made in the 7th, 8th, and 9th headnotes.

*Judgment affirmed. All the Justices concur.*

RUSSELL, C. J., and ATKINSON, GILBERT, and HINES, JJ., concur in all the rulings of the court, but do not concur in the intimation contained in the first headnote that a husband could not by deed convey land to his wife for a valuable consideration.