WOOD *v.* CLARKE, superintendent.

No. 12940. SEPTEMBER 15, 1939.

*Frank A. Bowers,* for plaintiff.

*John A. Boykin, solicitor-general, Bond Almand, solicitor,* and *J. W. LeCraw,* for defendant.

GRICE, Justice. On March 27, 1939, Joseph Wood entered a plea of guilty to an accusation charging him with simple larceny. He was sentenced by Judge McClelland, of the criminal court of Fulton County, to serve six months on the public works. On May 15, 1939, after serving a part of the sentence, Wood sued out a writ of habeas corpus, naming Clarke, the superintendent of the public works, as respondent. He contended in his petition that his sentence was illegal and void, for the reason that it was passed by the same person who, as solicitor of the criminal court of Fulton County, had, on February 17, 1939, drawn the accusation against him, and therefore that he was disqualified to preside and sentence the petitioner. At the hearing of the habeas corpus before Judge A. L. Etheridge, of Fulton Superior Court, Wood admitted that he pleaded guilty, and did not deny that he was guilty as charged. Judge Etheridge overruled the petition and declined to discharge the prisoner, but allowed a supersedeas bond for $200.

The Code, § 24-102, declares that no judge shall sit in any cause in which he has been of counsel. The plaintiff insists that when

such judge does so sit, the judgment rendered is a mere nullity. There are expressions in some of the decisions of this court which refer to a trial, with a disqualified judge presiding, as going "for naught" (*Shuford* v. *Shuford,* 141 *Ga.* 407, 408, 81 S. E. 115), and which characterize the court proceedings under such circumstances as "entirely nugatory." *State Mutual Life Ins. Co.* v. *Walton,* 142 *Ga.* 765 (3) (83 S. E. 656) ; *Dobbins* v. *Marietta,* 148 *Ga.* 467 (97 S. E. 439). In each of those cases, however, the attack was a direct one, and not, as here, a collateral one. In *Allen* v. *State,* 102 *Ga.* 619 (29 S. E. 470), Mr. Justice Little said: "From whatever source the disqualification to preside in a cause may arise, the effect, when such disqualification exists, is to divest jurisdiction, and the action taken is coram non judice, and void." The court was there dealing with a motion for new trial, and the words quoted are clearly obiter. The plaintiff seeks to treat the court as without jurisdiction, because the judge was under disability. There is a strong hint by Judge Bleckley in *McMillan* v. *Nichols,* 62 *Ga.* 36, 38, that the disqualification of the judge has the effect of rendering the judgment merely voidable, but not void; and he calls attention to the fact that the Supreme Court of Alabama, in construing a statute on this subject substantially the same as ours, so held. It was not, however, necessary to decide that precise point in the *McMillan* case. The very statute here invoked expressly contemplates that a disqualified judge may preside with the consent of the parties at interest; and this court has held that such disqualification may be waived, and further, that it is not essential that the waiver be made expressly or in writing. *Shope* v. *State,* 106 *Ga.* 226 (32 S. E. 140) ; *Berry* v. *State,* 117 *Ga.* 15 (43 S. E. 438) ; *Wood* v. *Cauthen,* 168 *Ga.* 766 (149 S. E. 138). If the disqualification is a thing which may be waived, it is difficult for us to see how its existence absolutely robs the court of jurisdiction in the particular case, so that its action is coram non judice and may be collaterally attacked. In 33 C. J., § 201, authorities are cited in the notes which sustain the proposition that when the disqualification can be waived, the judicial act of a disqualified judge is not held absolutely void, but only voidable. The foregoing statement is in line with the ruling of this court in *Rogers* v. *Felker,* 77 *Ga.* 46, where a defendant, being the losing party, was related within the prohibited degree to a justice of the peace who rendered the decision. . It was held that

the judgment was voidable, but not void. See *Daniels* v. *Towers,* 79 *Ga.* 785, 787 (7 S. E. 120) ; *Jarrell* v. *Guann,* 105 *Ga.* 139 (31 S. E. 149) ; *Beall* v. *Sinquefield,* 73 *Ga.* 48; *Parker* v. *State,* 146 *Ga.* 131 (90 S. E. 859). Though he said it only by way of argument, we regard as a sound conclusion of law the statement of Justice Little in *Tindall* v. *Nisbet,* 113 *Ga.* 1114, 1132 (39 S. E. 450, 55 L. R. A. 225), to wit: "Even if a judge who was disqualified by reason of relationship to try a case should preside and render a decree, his disqualification could not be set up as a ground for a writ of habeas corpus."

The judge did not err in refusing to discharge the prisoner.

*Judgment affirmed. All the Justices concur.*