Per Curiam.

The petitioner bases Ms right to relief on the ground that Section 2961.12, Revised Code, is unconstitutional. He urges this contention on the grounds that such act is retroactive, and that it denied him the equal protection of the laws.
However, even if such question was cognizable in a habeas corpus proceeding, petitioner’s argument in this respect is untenable. It is now a well established principle that habitual criminal acts are valid and do not conflict with the constitutional provisions relating to ex post facto or retroactive laws, due process, equal protection or double jeopardy. State, ex rel. Drexel, v. Alvis, Warden, 153 Ohio St., 244; Gryger v. Burke, Warden, 334 U. S., 728; annotation, 139 A. L. R., 673; and footnote, 45 L. Ed., 542.
Petitioner also raises the question as to equal protection on the basis that many persons who are subject to the Habitual Criminal Act are not prosecuted thereunder. So long as a statute is equally applicable to members of a given class, the fact that there is a lack of diligence in enforcement of the statute so that many subject thereto are not prosecuted does not constitute a denial of equal protection to one who is prosecuted under such statute. In other words, equal protection does not entail uniform enforcement. Society of Good Neighbors v. Mayor, 324 Mich., 22; State v. Hicks, 213 Ore., 619; and 16A Corpus Juris Secundum, 522, Constitutional Law, Section 563.
To follow petitioner’s contention would lead to an unconscionable result. It would relieve from liability the guilty on the basis that others equally guilty had not been prosecuted. Uniform operation of criminal justice does not require the release of the guilty for failure to prosecute others equally guilty.
Petitioner contends further that Section 2961.12, Revised Code, is unconstitutional on the basis that it is indefinite and fails to state the crime completely. He bases this on the fact *86 that such section instead of listing the various crimes subject to the Habitual Criminal Act refers to Section 2961.11, Revised Code, for enumeration of such crimes. There is nothing indefinite in this statute and under the doctrine of reference it is a valid enactment. 50 Ohio Jurisprudence (2d), 40, Statutes, Section 32. Reference to another section does not constitute indefiniteness in a statute. The crime is fully described therein, and the incorporation of that statute in the indictment was all that was required.
The petitioner in his brief raises the question of former jeopardy. The plea of former jeopardy constitutes a defense which must be raised in the trial court, and any claimed error in relation thereto must be pursued on appeal. It is not a matter for habeas corpus inasmuch as it concerns the judgment and sentence thereunder and not the jurisdiction of the court. Barker v. Sacks, Warden, 173 Ohio St., 413; Weaver v. Sacks, Warden, 173 Ohio St., 415: and Foran v. Maxwell, Warden, 173 Ohio St., 561.
Petitioner claims there is no such crime as being a habitual criminal, that these statutes are merely an enhancement of the punishment, and that, therefore, he could not be sentenced for something which was not a crime. The effect of the Habitual Criminal Act is to attach an additional penalty for a fourth offense, and the statutory procedure of indictment and jury trial is for the protection of the accused. Blackburn v. State, 50 Ohio St., 428. This procedure determines the status for the purpose of imposing this enhanced punishment. State v. Hicks, supra.
The petitioner makes a general attack on the validity of one of his former convictions upon which the habitual criminal indictment was returned.
Even if error had intervened in such prior conviction such matter cannot be brought up in a habeas corpus proceeding attacking petitioner’s habitual criminal sentence. If such attack could be made at all in a collateral proceeding, the proper place to raise such questions was at the hearing on the habitual criminal indictment.
An attack on the validity of a sentence under the Habitual Criminal Act must be made by appeal of the original action; review cannot be had by habeas corpus. Ex parte Puckett, 164 Tex. Crim. Rep., 587; and annotation, 116 A. L. R., 209, 240.
*87 Apparently, two habitual criminal indictments were returned against petitioner. Prior to trial, the first indictment at the request of the prosecutor was nol-prossed, and subsequently a new indictment was returned. This does not, as contended by petitioner, constitute an amendment to the indictment nor does a nolle prosequi before the jury is sworn constitute jeopardy. The mere arraignment and plea to an indictment do not put the accused in jeopardy. 15 Gfeio Jurisprudence (2d), 448, Criminal Law, Section 265. Petitioner also argues that, since he pleaded to the original indictment on which a nolle prosequi was entered, such plea extended to the offenses enumerated therein on which the habitual criminal indictment was based and thus he could not subsequently be put on trial again for such offenses on the new indictment. This argument is without foundation since these prior convictions are merely the grounds upon which the habitual criminal indictment was based. Petitioner had already been tried and convicted for these crimes. He was not retried for them on the habitual criminal indictment.
Petitioner urges further that his sentence was antedated as shown by the return of the warden. Petitioner was imprisoned in 1959 for the crime of burglary.
On his conviction as an habitual criminal, his burglary conviction was vacated and the time served thereunder credited to his habitual criminal sentence, pursuant to the provisions of Section 2961.13, Eevised Code. This was not a retroactive sentence. Again, even if petitioner had grounds of error, which he does not have, such matters relating to sentence are not cognizable in a habeas corpus proceeding but must be raised on appeal. Johnson v. Sacks, Warden, 173 Ohio St., 452; and Spence v. Sacks, Warden, 173 Ohio St., 419. In fact, the provision is for the benefit of the accused since it allows the time already served to be applied to the habitual criminal sentence thus bringing him before the Parole Board sooner than if the credit for time served was not applied.
Petitioner alleges that the judge who tried his case was disqualified because on one of petitioner’s former trials for a felony the judge had been the prosecuting attorney. Such a fact would not disqualify the judge, nor would it be a ground for relief by habeas corpus. Wood v. Clarke, Supt., 188 Ga., 697.
Petitioner has shown no lack of jurisdiction in the trial *88 court nor has he shown any deprivation of his constitutional rights.

Petitioner remanded to custody.

Weygandt, C. J., Zimmerman, Taet, Matthias, O’Neill and Griffith, JJ., concur.
Herbert, J., not participating.