A07A1902. COGLAND et al. v. THE HOSPITAL AUTHORITY OF THE CITY OF BAINBRIDGE et al.

(658 SE2d 769)

ELLINGTON, Judge.

A Decatur County trial court granted the motions of the Hospital Authority of the City of Bainbridge and Christine Sass to dismiss a professional malpractice suit brought by Genell and George Cogland. The trial court also granted the defendants' motion to strike the Coglands' response to the motions as well as a new affidavit from their medical expert. On appeal, the Coglands argue that the trial court erred when it granted the defendants' motion to dismiss and when it granted the defendants' motion to strike the Coglands' response and their expert's new affidavit. We find no error and affirm.

The relevant facts are undisputed. On April 1, 2004, Genell Cogland and her husband George filed a complaint alleging professional malpractice at Memorial Hospital by Christine Sass, a therapist employed there by the Hospital Authority. The complaint alleged that after superior labrum anterior posterior ("SLAP") surgery on Mrs. Cogland's shoulder in January 2002, she received physical therapy at the Hospital Authority, and that in April 2002, in the course of such therapy, Sass rotated Mrs. Cogland's shoulder "too aggressively, causing excessive and unnecessary pain . . . and tearing the area of the SLAP repair."

Attached to the Coglands' complaint was an affidavit by George Lee Cross III, M.D., averring that he was a physician licensed to practice in Georgia and certified by the American Board of Orthopaedic Surgery; that he was "knowledgeable as to the standard of care applicable to physical therapy provided after surgery" for SLAP repair; that he had reviewed the medical records concerning Mrs. Cogland's original SLAP repair surgery, her early 2002 physical therapy, and two subsequent operations in August and November 2002; that "in [his] opinion," any external rotation of Mrs. Cogland's shoulder "should have been performed very gently, without causing pain to the patient, because of the danger of tearing the labrum which had been repaired"; and that it was "[his] opinion that the negligence of the physical therapist in using too aggressive external rotation . . . caused the damage which necessitated the subsequent repair operations."

In May 2004, the Hospital Authority and Sass answered and filed motions to dismiss the complaint. The motions to dismiss alleged that Cross was not an expert competent to testify on the standard of care applicable to physical therapy following a SLAP repair. The Coglands did not respond to the motion.

In May 2006, the Hospital Authority and Sass renewed their motions to dismiss, asserting that the Coglands had agreed to identify a new expert by April 10, 2006, but had failed to do so, and that Cross's affidavit was insufficient to meet the requirements of OCGA § 24-9-67.1.[1]

The trial court set a hearing on the renewed motions for June 22, 2006. On June 16, however, the trial court dismissed the case on the ground that the Coglands had failed to respond. On June 27, the Coglands filed a motion to vacate the dismissal, which the trial court granted on July 7, 2006, noting that it would schedule a hearing after reviewing "in detail all of the material" in the case.

On the morning of March 21, 2007, the date of the scheduled hearing on the renewed motions to dismiss, the Coglands filed both a brief in opposition and a new affidavit. The defendants moved to strike the brief and new affidavit as untimely, however, and the trial court granted the motion. The trial court then found that "there is absolutely no evidence whatsoever to contradict the [d]efendants' assertion that Dr. Cross fails to satisfy [Code] Section 24-9-67.1" and granted the motion to dismiss for a second time.

1. The Coglands first argue that the trial court erred when it granted the defendants' motion to strike. We review a trial court's decision on a motion to strike for an abuse of discretion. *Hosley v. Davidson*, 211 Ga. App. 529, 530-531 (1) (439 SE2d 742) (1993).

OCGA § 9-11-6 (d) provides:

A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing, unless a different period is fixed by this chapter or by order of the court. Such an order may for cause shown be made on ex parte application. When a motion is supported by affidavit, the affidavit shall be served with the motion. *Opposing affidavits may be served not later than one day before the hearing, unless the court permits them to be served at some other time.*

---

[1] OCGA § 24-9-67.1 took effect on February 16, 2005. See Ga. L. 2005, p. 1, § 7.

(Emphasis supplied.) Here, the Coglands did not timely respond to the renewed motions to dismiss. Instead, they waited to file their response until the morning of March 21, 2007, almost a year after the renewed motions were filed. Because the response was patently untimely and without leave of court to be late-filed, we cannot find that the trial court abused its discretion when it struck the response as well as Cross's new affidavit. See *Hosley*, 211 Ga. App. at 530-531 (1) (affirming grant of motion to strike late response to motion for summary judgment where trial court has not extended the 30-day period specified in Uniform Superior Court Rule 6.2); *Gunter v. Nat. City Bank*, 239 Ga. 496, 497 (238 SE2d 48) (1977) (trial court may exercise discretion and refuse to consider affidavit offered on date of hearing).

2. The Coglands also argue that the trial court erred when it granted the defendants' motion to dismiss because (a) it improperly applied the standards of OCGA § 24-9-67.1 retroactively to the 2004 complaint and affidavit filed before that statute's passage into law and (b) Cross's new affidavit is sufficient. We disagree.

> [W]hen a plaintiff files a professional malpractice action, she must attach the affidavit of an expert setting out the act of negligence underlying her claim. OCGA § 9-11-9.1. If she fails to do so, and the defendant moves to dismiss, alleging with specificity that the affidavit is defective, the complaint is subject to dismissal unless the plaintiff cures the alleged defect by filing an amendment within 30 days of service of the motion to dismiss. OCGA § 9-11-9.1 (c).

(Footnote omitted.) *Thomas v. Gastroenterology Assoc. of Gainesville*, 280 Ga. 698, 699 (632 SE2d 118) (2006).

In both of its orders of dismissal, the trial court noted that the Coglands had violated Uniform Superior Court Rule 6.2, which specifies that a party opposing a motion "shall serve and file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the motion." In its second order of dismissal, the trial court also found that there was "absolutely no evidence whatsoever to contradict the [d]efendants' assertion that Dr. Cross fails to satisfy [Code] Section 24-9-67.1."

(a) As a preliminary matter, we note that the Supreme Court of Georgia recently held that like OCGA § 9-11-9.1, OCGA § 24-9-67.1 may be applied retroactively because it does not "affect [an] appellant['s] substantive right of action[,] change the standard of care to be applied, or [change] the measure of . . . recovery." *Nathans v. Diamond*, 282 Ga. 804, 809 (2) (654 SE2d 121) (2007). The Court also held that the plaintiffs waived some aspects of their argument against

retroactivity when they failed to raise those aspects in the trial court. Id. at 808. Here, it is undisputed that the Coglands did not file any response to the motions to dismiss until March 21, 2007, and that they raised their constitutional objections, including an argument against retroactivity, only in the response filed on that day. Because the trial court properly struck that response, a decision we affirm in Division 1, supra, it follows that the Coglands' constitutional objections were not "ruled on by the trial court." Id. Thus we cannot consider them here.

(b) It is undisputed that the Coglands failed to amend their complaint by filing a new affidavit within 30 days of service of the motion to dismiss. Notwithstanding Superior Court Rule 6.2, however, a failure to respond "does not automatically entitle the moving party to judgment," since "[t]here is no such thing as a default judgment on the pleadings." *Neely v. Jones*, 264 Ga. App. 795, 796 (592 SE2d 447) (2003). In Division 1, we affirm the trial court's strike of Cross's new affidavit. As in *Thomas*, then, the question before us is whether the trial court erred when it held that Cross's original 2004 affidavit was defective. *Thomas*, 280 Ga. at 699. "If it was, the complaint was dismissed properly because [the Coglands] failed to cure the defect within 30 days of service of defendants' motions to dismiss or to seek an extension of time to file an amendment." Id.

OCGA § 24-9-67.1 provides in relevant part:

(c) . . . [I]n professional malpractice actions, the opinions of an expert, who is otherwise qualified as to the acceptable standard of conduct of the professional whose conduct is at issue, shall be admissible only if, at the time the act or omission is alleged to have occurred, such expert:

(1) Was licensed by an appropriate regulatory agency to practice his or her profession in the state in which such expert was practicing or teaching in the profession at such time; and

(2) In the case of a medical malpractice action, had *actual professional knowledge and experience in the area of practice* or specialty in which the opinion is to be given as the result of having been regularly engaged in:

(A) The *active practice of such area of specialty of his or her profession for at least three of the last five years*, with sufficient frequency to establish an appropriate level of knowledge, as determined by the judge, in performing the

procedure, diagnosing the condition, or rendering the treatment which is alleged to have been performed or rendered negligently by the defendant whose conduct is at issue; or

(B) The teaching of his or her profession for at least three of the last five years as an employed member of the faculty of an educational institution accredited in the teaching of such profession. . . .

. . .

(d) *Upon motion of a party, the court may hold a pretrial hearing to determine whether the witness qualifies as an expert and whether the expert's testimony satisfies the requirements of subsections (a) and (b) of this Code section.* Such hearing and ruling shall be completed no later than the final pretrial conference contemplated under Code Section 9-11-16.

(e) *An affiant must meet the requirements of this Code section in order to be deemed qualified to testify as an expert by means of the affidavit required under Code Section 9-11-9.1.*

(Emphasis supplied.) See also *Spacht v. Troyer*, 288 Ga. App. 898 (655 SE2d 656) (2007) (affirming motion to dismiss after conducting a hearing under OCGA § 24-9-67.1 on an expert's qualifications).

Our Supreme Court held in *Nathans v. Diamond* that the procedural requirements of OCGA § 24-9-67.1 apply retroactively to claims arising before the passage of that statute into law. 282 Ga. at 807 (2). The only affidavit remaining for our consideration is the original 2004 affidavit, which does not satisfy those requirements. Although Cross avowed therein that he had been licensed to practice medicine since 1974, the 2004 affidavit contains nothing concerning Cross's recent or continuing experience as an orthopedist. See OCGA § 24-9-67.1 (c) (2) (A) (requiring active practice in specialty for "at least three of the last five years"). It follows that the trial court did not err when it found that the 2004 affidavit was insufficient under OCGA §§ 24-9-67.1 and 9-11-9.1, and thus when it granted the defendants' motions to dismiss the Coglands' complaint. See *Spacht v. Troyer*, 288 Ga. App. at 904 (3) (b) (affirming grant of motion to dismiss where affidavit failed to mention whether expert was employed at time claim arose and "in the five years prior to that"); compare *Tenet Healthcare Corp. v. Gilbert*, 277 Ga. App. 895, 900 (2) (627 SE2d 821) (2006) (affirming denial of motion to dismiss when,

assuming that OCGA § 24-9-67.1 (c) applied, plaintiff's medical expert was licensed to practice at the time the alleged negligence occurred and "met the other portions of the 2005 enactment designed to upgrade the requirements for expert medical malpractice affidavits").

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED JANUARY 25, 2008 —
RECONSIDERATION DENIED MARCH 6, 2008 —

*James N. Finkelstein*, for appellants.
*Langley & Lee, Carl R. Langley, Joseph P. Durham, Jr.*, for appellees.