A08A1103. AKERS et al. v. ELSEY et al.
(670 SE2d 142)

BARNES, Chief Judge.

Bureda Akers and Joseph Akers filed a medical malpractice lawsuit against Dr. Jim Elsey and Dr. Phillip Brown alleging that the physicians negligently performed a surgical procedure on Bureda

360

Akers. Before trial, the doctors filed a motion to exclude the testimony of the two Akerses' expert witnesses on the ground that each failed to meet the competency requirements of OCGA § 24-9-67.1 (c). Following a hearing, the trial court granted the motion. The doctors subsequently filed a motion to dismiss for failure to state a claim upon which relief may be granted because the couple had no competent evidence to support their malpractice claim. The trial court granted the motion to dismiss, and the Akerses appeal.

On August 17, 2001, Drs. Elsey and Brown performed a laparoscopic Nissen fundoplication[1] on Bureda Akers for the treatment of her acid influx disease. Dr. Elsey, who had specifically trained and was experienced in laparoscopic fundoplication procedures, performed the surgery and Dr. Brown assisted. Akers complained that immediately following the surgery she began experiencing pain which she said Dr. Brown attributed to intestinal gas. She continued experiencing pain, and eventually had additional surgery for her condition. The Akerses alleged in their complaint that Dr. Elsey made specific surgical errors during the procedure and attached the affidavit of Dr. Vincent J. Russo, a surgeon. The Akerses later identified Dr. William Kaiser as their second expert witness. Both experts were deposed.

The trial court specially set the trial for January 7, 2008, and the parties submitted a consolidated pre-trial order on November 30, 2007. In the consolidated order, the Akerses identified Dr. Kaiser as the only expert witness they would call to testify at trial. By affidavit, Dr. Russo informed the court that he was unavailable for trial because he was fully retired from the practice of medicine. In the pre-trial order, the Akerses stated that they intended to read Dr. Russo's earlier deposition at trial.

The doctors argued in the pre-trial order that neither of the Akerses' experts were qualified or competent pursuant to OCGA § 24-9-67.1 to render standard of care opinions at trial because they did not possess an appropriate level of knowledge and experience in performing the laparoscopic Nissen fundoplication. Subsequently, the doctors filed a motion to exclude the testimony of Dr. Russo and Dr. Kaiser on that basis. Following a hearing, the trial court granted the motion. The Akerses orally moved for a continuance, to which the doctors objected because the consolidated pre-trial order had been entered, discovery was closed, the case was specially set for trial in less than one month, and they were ready for trial.

---

[1] Nissen fundoplication is a procedure in which the fundus, or upper part, of the stomach is wrapped around part of the esophagus and stitched in place, reinforcing the closing function of the lower esophageal sphincter. Thus, whenever the stomach contracts, it also closes off the esophagus instead of squeezing stomach acids into it.

Following the hearing, the doctors filed a motion to dismiss for failure to state a claim upon which relief may be granted, asserting two grounds: (1) the Akerses' complaint, which was filed along with Dr. Russo's affidavit, failed to state a claim upon which relief can be granted because pursuant to OCGA § 9-11-9.1 the Akerses failed to attach to their complaint an affidavit of an expert competent to testify under the requirements of OCGA § 24-9-67.1, and (2) the Akerses had no competent evidence to support their allegations of medical negligence contained in the consolidated pre-trial order and could not recover as a matter of law. The trial court granted the doctors' motion and dismissed the complaint with prejudice.

The Akerses argue that the trial court erred in excluding their expert witnesses and dismissing their action. They argue that both experts were well-qualified and knowledgeable about the fundoplication procedure although neither had performed it laparascopically. They contend that the surgical method by which the surgery was conducted was not at issue in the case. The doctors respond that, aside from their experience with the surgical procedure at issue — laparoscopic versus open — the evidence clearly established that neither expert had practiced or taught in this area for at least three of the past five years as required by OCGA § 24-9-67.1.

1. The penalty for failure to supply a proper affidavit per OCGA § 9-11-9.1 is dismissal. Usually dismissals are subject to de novo review. *Atlanta Women's Health Group v. Clemons*, 287 Ga. App. 426 (651 SE2d 762) (2007). "But the interplay of [OCGA §§ 24-9-67.1 and 9-11-9.1] means that, when the trial court has had the hearing contemplated by OCGA § 24-9-67.1 (d) as in this case, our review determines only whether the trial court has abused its discretion." (Footnote omitted.) *Spacht v. Troyer*, 288 Ga. App. 898, 898-899 (1) (655 SE2d 656) (2007).

2. Under OCGA § 24-9-67.1 (d), "[u]pon motion of a party, the court may hold a pretrial hearing to determine whether the witness qualifies as an expert and whether the expert's testimony satisfies the requirements of subsections (a) and (b) of this Code section." When the trial court has held the hearing contemplated by this Code section, we determine on appeal whether the trial court has abused its discretion. *Spacht v. Troyer*, supra, 288 Ga. App. at 898-899.

Under OCGA § 24-9-67.1 (c) (2) (A) and (B), the opinions of experts in medical malpractice cases are only admissible if the expert had experience in the relevant area of practice or specialty by actively practicing or teaching in that area for at least three of the last five years often enough to establish the expert has sufficient "knowledge and experience in the practice or specialty that is relevant to the acts or omissions that the plaintiff alleges constitute

malpractice and caused the plaintiff's injuries." (Footnote omitted.) *Nathans v. Diamond*, 282 Ga. 804, 806 (1) (654 SE2d 121) (2007).

Pretermitting whether Dr. Russo and Dr. Kaiser's knowledge and experience regarding the fundoplication procedure were sufficient, they must have practiced (or taught) for at least three of the last five years to qualify as experts under OCGA § 24-9-67.1 (c). *Nathans v. Diamond*, supra, 282 Ga. App. at 807 (1).

Here, there was no evidence that either expert had actual professional knowledge and experience through the active practice or by teaching during at least three of the last five years. In his deposition Dr. Russo stated that he last performed an open fundoplication "before [he] retired sometime in the 1990s," and last taught the procedure "probably in 1990." Dr. Kaiser simply averred that he had practiced general surgery within the previous five years and had "performed many Nissen fundoplications and laparoscopic procedures." We cannot say that the trial court abused its discretion in determining that this was insufficient to meet the "three of the last five years" requirement, as the statute specifically mandates that the finding be "determined by the judge." OCGA § 24-9-67.1 (c) (2) (A). At the hearing, the parties and court also referenced Dr. Kaiser's deposition, but the deposition was not included with the record. Lacking that evidence we must presume that the trial court correctly ruled on the issues presented by the deposition. *Glass v. Glass*, 242 Ga. 736 (251 SE2d 298) (1978); *Hendrix v. Clare Dev. Corp.*, 142 Ga. App. 6 (234 SE2d 861) (1977).

Under OCGA § 24-9-67.1 (e), "[a]n affiant must meet the requirements of this Code section in order to be deemed qualified to testify as an expert by means of the affidavit required under Code Section 9-11-9.1." The penalty for failure to supply a proper affidavit is dismissal. "It follows that the trial court did not err when it found that the [expert] affidavit was insufficient under OCGA §§ 24-9-67.1 and 9-11-9.1, and thus when it granted the defendants' motions to dismiss the [plaintiffs'] complaint." *Cogland v. Hosp. Auth. of the City of Bainbridge*, 290 Ga. App. 73, 77 (2) (b) (658 SE2d 769) (2008). Because the Akerses' OCGA § 9-11-9.1 experts did not meet the requirements of OCGA § 24-9-67.1, the trial court did not err in ruling that the experts were not qualified to give an opinion and in granting the motion to dismiss.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 4, 2008 —

*Sean A. Black*, for appellants.

*Willis, McKenzie, DeGennaro & Alford, Matthew C. Alford*, for appellees.