A10A0767. HOPE et al. v. KRANC.
(696 SE2d 128)

ANDREWS, Presiding Judge.

Plaintiffs Donna Hope and her husband bring this appeal from the trial court's grant of defendant Dr. David Kranc's motion to dismiss their medical malpractice complaint, including its expert affidavit, as insufficient under OCGA §§ 9-11-9.1 and 24-9-67.1. We affirm.

The record shows that Hope and her husband filed their com-

plaint for negligence and loss of consortium on June 18, 2008. The complaint alleged that Darren Strickland, M.D., had performed a hysterectomy resulting in perforations of the bladder and a urinary leak into Hope's vagina; that Dr. Strickland referred Hope to Dr. Kranc; that in early March 2006, Dr. Kranc performed a cystoscopy and a surgery for vaginal repair, but that these procedures failed to correct the problem; that two subsequent procedures by Dr. Kranc also failed; and that Hope had suffered urine burns and had been forced to wear a catheter and diapers. The complaint also alleged that Dr. Kranc had performed too many procedures in too short a time and that he had failed to refer Hope to a more qualified physician. Plaintiffs attached the affidavit of William J. Hammond, M.D., to their complaint. Dr. Hammond's affidavit stated that he was a family practitioner physician licensed to practice in Georgia, that he had been a member of the medical staff at Dorminy Medical Center of Fitzgerald for "more than 25 years," and that he had "been engaged in the regular practice of medicine for at least three years out of the five years preceding the date of this affidavit."

On August 21, 2008, Hope amended her complaint detailing the allegations against Dr. Kranc by referring to and attaching an amended affidavit by Dr. Hammond. The amended affidavit stated that during his time at Dorminy, Dr. Hammond had "actively performed or participated in over 100 operations, [including] hysterectomies, cholecystectomies and [caesarian] sections," and that he was "familiar with the standard of care pertaining to medical requirements as to frequency of operations and standards requiring referral of female patients to a more skilled urologist or urology specialty center."

The amendment also included Dr. Hammond's curriculum vitae. Under the "Education" section, the last typed entry of which was dated 1977-1979, were also two handwritten entries as follows: "1992[:] Board Certified in Geriatrics"; and "1979-2006[:] Family Practice, Fitzgerald GA." Under the heading "Professional Organization/Societies," the vita included Dr. Hammond's tenure as an officer of Dorminy Medical Center and as a director of its ICU and emergency room but did not specify the dates during which he had held these positions. Finally, the "Employment Experience" section of the vita contained five entries, the first four of which concerned Dr. Hammond's positions as a pharmacist and high school teacher between 1968 and 1972, and the last of which read: "1979 - present[:] President - Roberts and Hammond, M.D., P.C." At deposition, Dr. Hammond testified that he was board-certified only in geriatrics and that he had never performed the surgical procedure at issue.

Dr. Kranc moved to dismiss on the ground that Dr. Hammond's affidavit was insufficient under OCGA §§ 9-11-9.1 and 24-9-67.1.

Dr. Kranc also moved for summary judgment. At the hearing on the motions, plaintiffs conceded that Dr. Hammond was not qualified to render an expert opinion as to the manner in which Dr. Kranc performed his procedures.[1] Instead, they asserted that Dr. Hammond was qualified to render opinions on (1) Dr. Kranc's failure to refer Hope to a more qualified physician and (2) his negligent performance of too many procedures in too short a time. The trial court granted Dr. Kranc's motion to dismiss on the ground that Dr. Hammond was not sufficiently qualified to render an expert opinion on the procedures. The trial court also noted that plaintiffs' complaint was not filed within the two-year statute of limitation as running from the date of the third allegedly negligent procedure.

On appeal, plaintiffs argue that the trial court erred in granting the motion to dismiss. We disagree.

1. OCGA § 24-9-67.1 (c) provides that even if an expert is "otherwise qualified as to the acceptable standard of conduct of the professional whose conduct is at issue," the opinions of that expert will be admissible in a medical malpractice action only if the expert

> ... (2) ... had actual professional knowledge and experience in the area of practice or specialty in which the opinion is to be given as the result of having been regularly engaged in:
>
> (A) The active practice of such area of specialty of his or her profession for at least three of the last five years, with sufficient frequency to establish an appropriate level of knowledge, *as determined by the judge*, in performing the procedure, diagnosing the condition, or rendering the treatment which is alleged to have been performed or rendered negligently by the defendant whose conduct is at issue. . . .

(Emphasis supplied.) As our Supreme Court added in *Nathans v. Diamond*, 282 Ga. 804 (654 SE2d 121) (2007):

> [E]ven if the expert is generally qualified as to the acceptable standard of conduct of the medical professional in question, the expert cannot testify unless he also satisfies the specific requirements of subsection (c) (2). . . . [I]n enacting OCGA § 24-9-67.1, the General Assembly intended to require a plaintiff to obtain an expert who has significant familiarity *with the area of practice in which the expert opinion is to be given.*

---

[1] Plaintiffs' notice of appeal specified that "a transcript of the evidence and proceedings will not be filed for inclusion in the record on appeal." Accordingly, we accept the trial court's account of events at the hearing.

(Emphasis supplied.) Id. at 806 (1). We review a trial court's decision concerning an expert's qualifications under OCGA § 24-9-67.1 for an abuse of discretion. Id. at 806 (1), n. 8, citing *Cotten v. Phillips*, 280 Ga. App. 280, 283 (633 SE2d 655) (2006).

(a) Construed in Hope's favor, Dr. Hammond's amended affidavit shows that he had surgical privileges at his hospital since 1979 and that he has "performed or participated in over 100 operations" over that period. His affidavit does not show that these operations occurred recently, however; indeed, his vita suggests that since 1992, he has specialized in geriatrics. A trial court might reasonably conclude from these circumstances that Dr. Hammond had not been engaged in the active practice of either gynecology or urology for three of the five years before Hope's operation, and that Dr. Hammond's affidavit thus did not satisfy the requirements of OCGA § 24-9-67.1 (c). The trial court did not abuse its discretion when it granted Dr. Kranc's motion to dismiss on this basis. *Nathans*, 282 Ga. at 807 (1); *Collins v. Dickman*, 295 Ga. App. 601, 606 (2) (672 SE2d 433) (2008) (trial court did not err in granting summary judgment to defendant doctor when plaintiff's expert failed to show involvement in active practice or teaching of anesthesiology for three of the five years before plaintiff's surgery); *Cogland v. Hosp. Auth. of Bainbridge*, 290 Ga. App. 73, 77 (2) (b) (658 SE2d 769) (2008) (trial court did not err in dismissing medical malpractice complaint when plaintiff's expert affidavit "contain[ed] nothing concerning [the doctor's] recent or continuing experience" in the relevant specialty).

(b) We also reject Hope's argument that Dr. Hammond's status as a general practitioner authorizes him to give an expert opinion concerning the procedures at issue here. Only a doctor who has an "appropriate level of knowledge, as determined by the judge," OCGA § 24-9-67.1 (c) (2) (A), and "who has significant familiarity with the area of practice in which the expert opinion is to be given," *Nathans*, 282 Ga. at 806 (1), is authorized to judge another doctor's performance in that area of practice. To permit even a veteran general practitioner to judge the performance of a specialist, including decisions concerning either procedures or referrals, would eviscerate the statute's purpose of assuring that a medical professional is not held negligent in the absence of evidence that he violated a standard of care established by his peers. *Smith v. Harris*, 294 Ga. App. 333, 337 (1) (670 SE2d 136) (2008) (barring testimony by pharmacist concerning physician's standard of care), citing *Beach v. Lipham*, 276 Ga. 302, 306 (3) (578 SE2d 402) (2003) (recommending changes to pattern jury instruction in medical malpractice cases as "intended to uphold the tradition of having physicians judged by their peers").

2. Because the trial court did not err when it granted the motion to dismiss the complaint as insufficient under OCGA §§ 9-11-9.1 and 24-9-67.1, we decline to reach the question whether the statute of limitation barred plaintiffs' action.

*Judgment affirmed. Ellington and Doyle, JJ., concur.*

DECIDED JUNE 8, 2010 — 

*Mills & Larkey, Ben B. Mills, Jr.*, for appellants.
*Oliver Maner, William J. Hunter*, for appellee.