**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**March 21, 2014**

# In the Court of Appeals of Georgia

A13A2175. BRANTLEY et al. v. DUBOIS et al.

ANDREWS, Presiding Judge.

In the underlying medical malpractice action, the trial court denied defendants'
renewed motion to dismiss or, in the alternative, motion for summary judgment,
alleging plaintiffs' failure to comply with the affidavit requirement of OCGA §§ 9-
11-9.1 and 24-7-702 (formerly Code Section 24-9-67.1). The trial court issued a
certificate of immediate review, and this Court granted defendants' application for
interlocutory appeal. For the reasons set forth below, we conclude that the affidavit
at issue failed to meet the requirements of OCGA §§ 9-11-9.1 and 24-7-702, and
reverse.

The record shows that David Dubois and his wife, Janet, filed a medical
malpractice complaint against Damon Brantley, M.D., a general surgeon, and Glynn-

County Brunswick Memorial Hospital Authority d/b/a Southeast Georgia Health System (collectively, the "Appellants") to which they attached the affidavit of Dr. Steven E. Swartz, also a general surgeon. The Duboises (collectively, the "Appellees") alleged that Dr. Brantley deviated from the applicable standard of care by injuring Mr. Dubois's pancreas while performing a laparoscopic umbilical hernia repair with mesh. Dr. Swartz concurred and further opined that the result was traumatic injury to Mr. Dubois's pancreas causing pancreatitis and other illnesses. Mr. Dubois and the defendant hospital answered and moved to dismiss asserting that Dubois's affidavit failed to comply with the above-referenced statutes.

The trial court did not rule on the motion at that time; however, the Appellees amended their complaint and provided a second affidavit from Dr. Swartz. In his amended affidavit, Dr. Swartz testified that Dr. Brantley "caused" the injury to Mr. Dubois's pancreas "by striking the pancreas with the trocar utilized during the course of the umbilical hernia repair." Dr. Swartz further testified that his opinion was "the product of reliable principles and methods developed as a result of my actual professional knowledge, education and experience in general surgery medicine."

The Appellees deposed Dr. Swartz on December 12, 2012. Dr. Swartz testified that, although he practices in the field of general surgery, he performed "maybe one"

2

laparoscopic umbilical hernia repair in the five-year period before Mr. Dubois's procedure on March 31, 2011. Dr. Swartz explained that "I don't like that operation . . . [b]ecause I think I can do a better job through just a small . . . incision with just as quick a recovery time and I get a better repair that's less likely to recur." Dr. Swartz qualified his earlier testimony, however, adding that it was possible that he had not performed any laparoscopic umbilical hernia repair in the five-year period before Mr. Dubois's procedure and that he did not assist in any such procedure. Given the foregoing, the Appellants filed a renewed motion to dismiss or, in the alternative, motion for summary judgment.

The trial court denied the Appellants' motion. Our grant of appellants' application for interlocutory appeal followed, and the Appellants now appeal, contending that the trial court erred in denying their renewed motion to dismiss or, in the alternative, for summary judgment, arguing that the Appellees' OCGA § 9-11-9.1 expert affiant, Dr. Swartz, had not performed the procedure at issue with sufficient frequency to render him qualified to testify as an expert pursuant to the requirements of OCGA § 24-7-702 (c) (2) (A). We agree and reverse.

Our review of a motion to dismiss or one for summary judgment is de novo. See *Nat. Bldg. Maintenance Specialists v. Hayes*, 288 Ga. App. 25 (653 SE2d 772)

3

(2007) and *McRae v. Hogan*, 317 Ga. App. 813, 815 (1) (732 SE2d 853) (2012), respectively.

OCGA § 24-7-702 (c) provides that even if an expert is "otherwise qualified as to the acceptable standard of conduct of the professional whose conduct is at issue," the opinion of that expert will be admissible in a medical malpractice action only if the expert

> (c) (2) . . . had actual professional knowledge and experience in the area of practice or specialty in which the opinion is to be given as the result of having been regularly engaged in:
>
> (A) The active practice of such area of specialty of his or her profession for at least three of the last five years, with sufficient frequency to establish an appropriate level of knowledge, as determined by the judge, in performing the procedure, diagnosing the condition, or rendering the treatment which is alleged to have been performed or rendered negligently by the defendant whose conduct is at issue.

And, as our Supreme Court added in *Nathans v. Diamond*, 282 Ga. 804 (654 SE2d 121) (2007):

> [E]ven if the expert is generally qualified as to the acceptable standard of conduct of the medical professional in question, the expert cannot testify unless he also satisfies the specific requirements of subsection (c) (2). . . . [I]n enacting OCGA § 24-[7-702], the General

4

Assembly intended to require a plaintiff to obtain an expert who has *significant familiarity with the area of practice in which the expert opinion is to be given*.

(Emphasis supplied.) *Nathans*, supra, 282 Ga. at 806 (1). "We review a trial court's decision concerning an expert's qualifications under OCGA § 24-[7-702 formerly OCGA § 24-9-67.1] for an abuse of discretion." (Citation omitted.) *Hope v. Kranc*, 304 Ga. App. 367, 370 (1) (696 SE2d 128) (2010).

Construed in Mr. DuBois's favor, the evidence shows that Dr. Swartz is a general surgeon with extensive experience in performing open umbilical hernia repairs and that he was familiar with the standard of care applicable to the repair at issue. Notably, however, Dr. Swartz deposed that he had performed "maybe one" and perhaps "no" laparoscopic umbilical hernia repair in the three to five-year period before Mr. Dubois's procedure. Dr. Swartz explained that he disliked the procedure and indicated that he had not assisted in any such procedure.

Under OCGA § 24-7-702 (e), "[a]n affiant must meet the requirements of this Code section in order to be deemed qualified to testify as an expert by means of the affidavit required under Code Section 9-11-9.1." "The penalty for failure to supply a proper affidavit . . . is dismissal." *Akers v. Elsey*, 294 Ga. App. 359 (670 SE2d 142)

5

(2008). Here, there is only speculation that Dr. Swartz performed the procedure in issue in the three to five years prior to the surgery. See id. at 362 (2) (trial court did not abuse its discretion in granting a motion to dismiss where one of the expert § 9-11-9.1 affiants as to the standard of care in a laparoscopic Nissen fundoplication[1] deposed only that he had performed "many" such open and laparoscopic procedures). Even if we accepted that Dr. Swartz performed one laparoscopic umbilical hernia repair in the requisite time period, there otherwise is no showing demonstrating a significant familiarity with the same, particularly given the fact that Dr. Swartz had never assisted in such a procedure and his evident preference for the open surgical approach to repairing an umbilical hernia. It follows that the trial court abused its discretion when it found that the Dr. Swartz affidavit was sufficient under OCGA §§ 9-11-9.1 and 24-7-702 (c) and denied Appellants' renewed motion to dismiss or, in the alternative, motion for summary judgment. Because the Duboises' § 9-11-9.1 expert did not meet the requirements of OCGA § 24-7-702 (c), the trial court erred

---

[1] "Nissen fundoplication is a procedure in which the fundus, or upper part, of the stomach is wrapped around part of the esophagus and stitched in place, reinforcing the closing function of the lower esophageal sphincter. Thus, whenever the stomach contracts, it also closes off the esophagus instead of squeezing stomach acids into it." Id. at 360, n. 1.

6

in ruling that Dr. Swartz was qualified to give an opinion and also erred in denying the Appellants' motion.

*Judgment reversed. Dillard and McMillian, JJ., concur.*