A08A1472. DAWSON v. LEDER et al.

(669 SE2d 720)

BERNES, Judge.

Appellant Marie Dawson's late husband, Johnny Lee Dawson, suffered respiratory arrest following cervical spine surgery and subsequently died. Dawson, individually and as a representative of the estate of her late husband, brought a medical malpractice and wrongful death action against appellees Dr. John Burkus, who performed the surgery, and Dr. Steven Leder, who provided post-operative care to the decedent. In support of her claims, Dawson relied upon the expert testimony of Dr. Karen Butler. The trial court excluded Dr. Butler's testimony on the ground that she was unqualified to render an opinion under the standard set forth in OCGA § 24-9-67.1[1] as to the standard of care applicable to the decedent's post-operative airway management, and consequently granted summary judgment to the appellees. The trial court also ruled that the

---

[1] OCGA § 24-9-67.1 (c) provides, in relevant part:

[I]n professional malpractice actions, the opinions of an expert, who is otherwise qualified as to the acceptable standard of conduct of the professional whose conduct is at issue, shall be admissible only if, at the time the act or omission is alleged to have occurred, such expert:

 (1) Was licensed by an appropriate regulatory agency to practice his or her profession in the state in which such expert was practicing or teaching in the profession at such time; and

 (2) In the case of a medical malpractice action, had actual professional knowledge and experience in the area of practice or specialty in which the opinion is to be given as the result of having been regularly engaged in:

 (A) The active practice of such area of specialty of his or her profession for at least three of the last five years, with sufficient frequency to establish an appropriate level of knowledge, as determined by the judge, in performing the procedure, diagnosing the condition, or rendering the treatment which is alleged to have been performed or rendered negligently by the defendant whose conduct is at issue; or

 (B) The teaching of his or her profession for at least three of the last five years as an employed member of the faculty of an educational institution accredited in the teaching of such profession, with sufficient frequency to establish an appropriate level of knowledge, as determined by the judge, in teaching others how to perform the procedure, diagnose the condition, or render the treatment which is alleged to have been performed or rendered negligently by the defendant whose conduct is at issue[.]

evidence presented no question of material fact as to whether Dr. Leder met the standard of care, and alternatively granted summary judgment as to him on that basis.[2] On appeal, Dawson challenges both of the trial court's rulings. For the reasons that follow, we affirm.

The relevant facts are as follows. In November 2000, Johnny Lee Dawson was admitted to Houston Sports Medicine Hospital under the care of Dr. Burkus, an orthopedic spine surgeon, to undergo cervical spine surgery. The surgery was performed without complication and Dawson does not allege negligence with respect to the surgical procedure itself.

Following the surgery, the decedent was transferred first to the Post Anesthesia Care Unit ("PACU") under the care of Dr. Leder, the attending anesthesiologist. At the time Dr. Burkus left the PACU, he reported that the decedent was under Dr. Leder's care and was stable both neurologically and otherwise. The decedent was then transferred to the Intensive Care Unit ("ICU") and, at some point, his care was transferred to the on-call attending physician. While in the ICU, more than three hours after the surgery, the decedent suffered a respiratory arrest while undergoing breathing treatments. The on-call attending physician responded and performed a tracheotomy on the decedent in order to reestablish his airway. As a result of the respiratory arrest, the decedent suffered an anoxic brain injury which ultimately led to his death. Both of the appellees had left the hospital sometime prior to the decedent's respiratory arrest.

Dawson filed a lawsuit against appellees, among others, seeking damages for medical malpractice and wrongful death. In support of her claim, Dawson relied on the testimony of Dr. Butler, a licensed medical doctor who teaches medical students and residents in the areas of surgery and critical care. In her expert affidavit filed contemporaneously with the complaint, Dr. Butler opined that Dr. Burkus breached the standard of care by negligently failing to supervise the doctor who conducted a preoperative consultation of the decedent prior to surgery and who ordered the breathing treatments that were being performed at the time that the decedent went into respiratory arrest. During her deposition, however, Dr. Butler testified that she found no evidence to support the allegations of negligence by Dr. Burkus set forth in her affidavit; instead, Dr. Butler asserted that Dr. Burkus was negligent in leaving the hospital without ensuring that the decedent's airway was properly monitored and/or managed following surgery. Dr. Butler further opined that Dr.

---

[2] Dr. Burkus did not move for summary judgment on the substantive allegations of Dawson's complaint.

Leder breached the standard of care by failing to transfer the decedent's care to a qualified physician and/or by otherwise failing to adequately communicate risks associated with the decedent's airway to the attending physician.

1. In order for an expert witness to be qualified to render an opinion in a professional malpractice case, Georgia requires that the witness have "actual professional knowledge and experience in the area of practice or specialty in which the opinion is to be given." OCGA § 24-9-67.1 (c) (2). The issue turns on whether the expert's knowledge and experience "is relevant to the acts or omissions that the plaintiff alleges constitute[d] malpractice and caused the plaintiff's injuries." *Nathans v. Diamond*, 282 Ga. 804, 806 (1) (654 SE2d 121) (2007). But a minimum level of knowledge in the area in which the opinion is to be given is insufficient; instead, an expert must be both familiar with the standard of care at issue and also demonstrate specific experience in the relevant practice area:

> [T]he expert must have regularly engaged in the active practice of the area of specialty in which the opinion is to be given and must have done so with sufficient frequency to establish an appropriate level of knowledge in performing the procedure, diagnosing the condition, or rendering the treatment which is alleged to have been performed or rendered negligently by the defendant whose conduct is at issue.

(Punctuation and footnote omitted.) Id. Significantly, we will not reverse the trial court's determination on the qualifications of an expert witness absent a clear abuse of discretion. Id. at 807 (1), n. 8.

Here, we cannot say that the trial court abused its discretion in excluding Dr. Butler's testimony. Dr. Butler's resume is impressive, to be sure. At the time of her deposition in 2007, Dr. Butler had been a licensed medical doctor since 1996. Her sub-specialty was in trauma and critical care, and she taught medical students and residents in the areas of surgery and critical care in the surgical departments of the Morehouse School of Medicine and the University of Cincinnati School of Medicine. She also had a small general surgery practice during which she treated emergency surgical patients on an on-call basis, and was the co-director of the Surgical ICU at Grady Health System and was the director of Surgical Critical Care at the Morehouse School of Medicine.

But apart from Dr. Butler's vague assertions that she had "airway training" and that "managing airway compromise and looking at ways to prevent [it]" fell within her area of expertise, Dr. Butler never established that she taught and/or practiced in the area

of post-surgical airway management "with sufficient frequency to establish an appropriate level of knowledge" so as to meet the criteria set forth in OCGA § 24-9-67.1 (c) (2). Moreover, although Dr. Butler testified that the applicable standard of care with respect to a patient's post-operative care was dependent upon the severity of the surgical procedure and the potential for life-threatening complications following the surgery, she admitted that she had never managed the airway of a patient who had undergone a surgery similar to that which the decedent had undergone, nor had she performed a similar surgical procedure. Finally, Dr. Butler testified that post-surgical airway maintenance is generally performed by anesthesiologists and conceded that she did not have anesthesiology training. Under these circumstances, we simply cannot conclude that the trial court abused its discretion in holding that Dr. Butler was unqualified to render an opinion as to the conduct of the appellees. See *Nathans*, 282 Ga. at 806-807 (1); *Spacht v. Troyer*, 288 Ga. App. 898, 901-903 (3) (a) (655 SE2d 656) (2007). Cf. *Cogland v. Hosp. Auth. of the City of Bainbridge*, 290 Ga. App. 73, 76-78 (2) (b) (658 SE2d 769) (2008).

2. We likewise conclude that the trial court properly granted Dr. Leder summary judgment on Dawson's claims. Dr. Leder has presented unrefuted evidence that the attending physician to whom he transferred the decedent's care was qualified to recognize and treat problems associated with the decedent's airway and that all of the necessary information related to the decedent's condition was contained in the chart and properly communicated to that physician. Beyond Dr. Butler's unsupported assertions, Dawson has presented no record evidence to the contrary. Indeed, Dr. Butler admitted in her deposition that she was unfamiliar with the attending physician's professional qualifications. Moreover, Dr. Butler could not provide any specific information that she contended should have been communicated to the attending physician but was not. The uncontroverted record evidence thus establishes that Dr. Leder met the standard of care as set forth by Dr. Butler. See *Copeland v. Houston County Hosp. Auth.*, 215 Ga. App. 207 (450 SE2d 235) (1994).

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 19, 2008.

*Evert, Weathersby & Houff, Ivan A. Gustafson*, for appellant.

*Tisinger & Vance, Richard G. Tisinger, Jr., Thomas E. Greer, Hatcher, Stubbs, Land, Hollis & Rothschild, Robert C. Martin, Jr., for appellees.*