**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 2, 2015**

# In the Court of Appeals of Georgia

A14A2115. HENDRIX et al. v. FULTON DEKALB HOSPITAL
AUTHORITY.

ANDREWS, Presiding Judge.

The parents and the estate of Billy Ray Hendrix, Jr., deceased, sued the Fulton County Hospital Authority d/b/a Grady Memorial Hospital d/b/a Grady Health System (Grady Hospital or the Hospital) seeking to recover damages for Hendrix's wrongful death and pain and suffering arising from medical malpractice which allegedly occurred during medical treatment Hendrix received at Grady Hospital for injuries he suffered in an automobile accident.[1] The Hospital moved for summary judgment on the basis that: (1) the expert affidavit filed with the complaint pursuant

---

[1] The wrongful death claim was brought by Hendrix's parents, Billy Ray Hendrix, Sr. and Patsy L. Elliott. As representative of the estate, Hendrix, Sr. asserted the estate's claims. These plaintiffs are collectively referred to as the Parents/Estate.

to OCGA § 9-11-9.1 was defective because the expert was not competent to testify; and (2) the Parents/Estate failed to cure the defect pursuant to OCGA § 9-11-9.1 (e). The trial court granted summary judgment in favor of the Hospital, and the Parents/Estate appeal. For the following reasons, we affirm.[2]

The medical malpractice complaint, filed on February 7, 2013, alleged that, while Hendrix was being treated at Grady Hospital (from July 23, 2010 to November 18, 2010) for serious injuries he suffered in an automobile accident, the Hospital negligently failed to comply with the applicable standard of medical care by allowing him to develop multiple decubitus ulcers (pressure sores); that "the decubitus ulcers were not treated properly and [he] developed an infection;" and that "[a]s a result of the progression and exacerbation of the decubitus ulcers and serious infection, [he] succumbed to death due to the bacterial infection and sepsis on February 9, 2011" about 12 weeks after he was discharged from Grady Hospital to another medical facility. With the complaint, the Parents/Estate filed an expert affidavit from Adel Shaker, M.D., a medical doctor practicing in the specialty of forensic pathology. Grady Hospital filed a motion to dismiss which alleged that the affidavit was

[2] The Parents/Estate do not contest the trial court's grant of summary judgment in favor of 16 other physicians and medical professionals named as defendants in the suit and alleged to have provided Hendrix with negligent medical treatment.

defective because it failed to set forth at least one negligent act or omission, and because Dr. Shaker was not an expert competent to testify under the standards set forth in OCGA § 24-7-702 (c) (2) as required by OCGA § 9-11-9.1. Within 30 days of the Hospital's motion, the Parents/Estate filed an amended expert affidavit from Dr. Shaker purporting to cure the alleged defects.

In the amended affidavit, Dr. Shaker stated that he reviewed "the file submitted by [the Parents/Estate's attorney] pertaining to [Hendrix] to determine the cause and manner of death and to evaluate if the standards of medical care were followed." The amended affidavit stated that decubitus ulcers are staged under a "standard of classification;" that treatment of decubitus ulcers "should follow a specific protocol to avoid serious complications that could ensue into the demise of a patient;" that it was Dr. Shaker's opinion "within reasonable diagnostic medical certainty that . . . Hendrix developed his pressure ulcers during his hospitalization at Grady Memorial Hospital;" and that the Hospital breached the standard of care by failing to turn or reposition Hendrix in his bed every two hours and by "misevaluation in staging" the ulcers. According to Dr. Shaker, "had the proper medical management been adopted, the pressure ulcers would have been prevented, or treated after their onset," but "[a]s a result of the progression and exacerbation of the decubiti and serious infection, . .

3

. Hendrix succumbed to death due to bacterial infection and generalized sepsis." The Parents/Estate's brief in support of the amended affidavit referred to the curriculum vitae attached to Dr. Shaker's affidavit, which showed his specialty in forensic pathology, and asserted that Dr. Shaker was competent to testify under OCGA § 24-7-702 (c) (2) because he has "extensive knowledge in forensic pathology, medical physiology and medical standards of care," and because this case involves an obvious breach of a known standard of care.

After the Parents/Estate filed the amended expert affidavit, the Hospital filed its motion for summary judgment seeking dismissal on the basis that: (1) the amended affidavit was defective because Dr. Shaker, a forensic pathologist, lacked actual professional knowledge and experience sufficient to render him competent to testify under the requirements of OCGA § 24-7-702 (c) (2) and OCGA § 9-11-9.1 (a); (2) the 30-day period under OCGA § 9-11-9.1 (e) for curing the defect had expired; and (3) the complaint was subject to being dismissed with prejudice. OCGA § 9-11-9.1 (e). After a hearing on the motion, the trial court entered an order granting summary judgment and dismissing the suit because Dr. Shaker's affidavit failed to satisfy the requirements of OCGA §§ 9–11-9.1(a) and 24-7-702 (c) (2) that the expert affiant

4

have actual professional knowledge and experience with respect to the medical malpractice alleged in the complaint.

The Parents/Estate's complaint set forth a medical malpractice action against Grady Hospital, a licensed healthcare facility, seeking to impose liability on the Hospital based on action or inaction by licensed health care professionals listed in subsection (g) of OCGA § 9-11-9.1. See OCGA §§ 9-3-70; 9-11-9.1 (a). Accordingly, OCGA § 9-11-9.1 (a) required the Parents/Estate "to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." The standards for determining whether an expert is competent to testify are set forth in OCGA § 24-7-702. *Aguilar v. Children's Healthcare of Atlanta, Inc.*, 320 Ga. App. 663, 664 (739 SE2d 392) (2013) (referring to the standard set forth in former OCGA § 24-9-67.1, the predecessor statute to OCGA § 24-7-702).[3] Subsection (e) of OCGA § 24-7-702 states that an expert competent to testify and

---

[3] The motion at issue in this case took place in January 2014, therefore OCGA § 24-7-702 of the new Evidence Code applies. Ga. L. 2011, § 101, p. 52. "[B]ecause OCGA § 24-7-702 is 'substantively identical' to its predecessor statute, former OCGA § 24-9-67.1, cases decided under the former statute offer useful guidance when analyzing the current version of the statute." *Dempsey v. Gwinnett Hosp. System, Inc.*, ___ Ga. App. ___ (765 SE2d 525, 527 n. 3) (2014).

provide the affidavit required by OCGA § 9-11-9.1 (a) "shall meet the requirements

of [OCGA § 24-7-702] in order to be deemed qualified to testify as an expert by

means of the affidavit required under Code Section 9-11-9.1." OCGA § 24-7-702 (e).

As to an expert providing the affidavit required by OCGA § 9-11-9.1 (a),

subsection (c) of OCGA § 24-7-702 provides in relevant part that:

> [I]n professional malpractice actions, the opinions of an expert, who is
> otherwise qualified as to the acceptable standard of conduct of the
> professional whose conduct is at issue, shall be admissible only if, at the
> time the act or omission is alleged to have occurred, such expert:
>
> > (1) Was licensed by an appropriate regulatory agency to
> > practice his or her profession in the state in which such
> > expert was practicing or teaching in the profession at such
> > time; and
> >
> > (2) In the case of a medical malpractice action, had actual
> > professional knowledge and experience in the area of
> > practice or specialty in which the opinion is to be given as
> > the result of having been regularly engaged in:
> >
> > > (A) The active practice of such area of
> > > specialty of his or her profession for at least
> > > three of the last five years, with sufficient
> > > frequency to establish an appropriate level of
> > > knowledge, as determined by the judge, in
> > > performing the procedure, diagnosing the
> > > condition, or rendering the treatment which is
> > > alleged to have been performed or rendered
> > > negligently by the defendant whose conduct is
> > > at issue.

6

Where the expert's affidavit fails to meet the requirements of OCGA § 24-7-702 (c), the affidavit is insufficient, and the complaint is subject to dismissal. *Craigo v. Azizi*, 301 Ga. App. 181, 182 (687 SE2d 198) (2009). Because the trial court conducted a hearing under OCGA § 24-7-702 (d) to determine the expert affiant's competence to testify, the court's determination on this issue is reviewed on appeal for abuse of discretion. *Craigo*, 301 Ga. App. at 182-183.

Based on the hearing, the trial court found it was undisputed that Hendrix was admitted to Grady Hospital for treatment of severe injuries he sustained in an automobile accident which rendered him a quadriplegic; that he was admitted to the Hospital for a four-month period during which he underwent several surgeries and remained in the intensive care unit; and that he died on February 9, 2011, about three months after being discharged from Grady Hospital to another health care facility. The trial court found that the medical negligence alleged in the complaint was that, during the time Hendrix was treated at Grady Hospital, he developed decubitus ulcers, or pressure sores; that the ulcers were not properly diagnosed, prevented, or treated under the applicable medical standard of care; and that this caused him pain and suffering and eventually caused his death. In considering Dr. Shaker's amended affidavit, the trial court found that his curriculum vitae attached to the affidavit

7

showed that he had been a medical doctor for over twenty-five years with a specialty in forensic pathology, and that, in the five years preceding the alleged medical negligence, he practiced (a) as a fellow at the Allegheny County Coroner's Office in Pennsylvania, (b) with the Regime Crime Liaison Office – Mass Graves in Iraq, and (c) as a State Medical Examiner/Forensic Pathologist in Mississippi, Alabama, and California. On these findings, the trial court concluded that Dr. Shaker's affidavit failed to satisfy the requirements of OCGA §§ 9–11-9.1 and 24-7-702 (c) (2) that he have actual professional knowledge and experience with respect to the allegations in the complaint that the Hospital was liable for medical malpractice by physicians or other health care professionals who failed to comply with the medical standard of care for prevention, diagnosis, or treatment of decubitus ulcers.

We find no abuse of discretion in the trial court's determination that Dr. Shaker was not competent to testify because he lacked the appropriate level of knowledge relevant to the alleged malpractice, and that the required affidavit was insufficient. Whether or not an expert has "actual professional knowledge and experience in the area of practice or specialty in which the opinion is to be given," as set forth in OCGA § 24-7-702 (c) (2), depends on "whether the expert's knowledge and experience 'is relevant to the acts or omissions that the plaintiff alleges constitute[d]

8

malpractice and caused the plaintiff's injuries.' *Nathans v. Diamond*, 282 Ga. 804, 806 (1) (654 SE2d 121) (2007)." *Dawson v. Leder*, 294 Ga. App. 717, 719 (669 SE2d 720) (2008). A minimum level of knowledge in the area in which the expert opinion is to be given is not sufficient. *Nathans*, 282 Ga. at 806. Rather, under OCGA § 24-7-702 (c) (2) (A), the expert must have been regularly engaged in the active practice of the area of specialty in which the opinion is to be given "for at least three of the last five years" preceding the alleged malpractice, and must have done so "with sufficient frequency to establish an appropriate level of knowledge . . . in performing the procedure, diagnosing the condition, or rendering the treatment which is alleged to have been performed or rendered negligently by the defendant whose conduct is at issue." *Nathans*, 282 Ga. at 806. Even assuming Dr. Shaker was minimally qualified to render an opinion as to the acceptable standard of conduct of the professionals whose conduct is at issue, nothing in his amended affidavit or attached curriculum vitae showed that, for at least three of the last five years preceding the alleged malpractice, he was regularly engaged in an active practice involving the diagnosis, prevention, or treatment of decubitus ulcers. *Akers v. Elsey*, 294 Ga. App. 359, 361-362 (670 SE2d 142) (2008).

9

Where the defendant contends that the expert affidavit filed by the plaintiff pursuant to OCGA § 9-11-9.1 (a) is defective, the procedure governing dismissal of the complaint for failure to file an adequate affidavit is set forth in OCGA § 9-11-9.1 (e). Under this subsection,

> [i]f a plaintiff files an affidavit which is allegedly defective, and the defendant to whom it pertains alleges, with specificity, by motion to dismiss filed on or before the close of discovery, that said affidavit is defective, the plaintiff's complaint shall be subject to dismissal for failure to state a claim, except that the plaintiff may cure the alleged defect by amendment pursuant to Code Section 9-11-15 within 30 days of service of the motion alleging that the affidavit is defective. The trial court may, in the exercise of its discretion, extend the time for filing said amendment or response to the motion, or both, as it shall determine justice requires.

OCGA § 9-11-9.1 (e). "The statute . . . permits dismissal only when the plaintiff fails to cure an inadequacy within 30 days of the filing of a motion to dismiss that identifies the same inadequacy "with specificity." *Ndlovu v. Pham*, 314 Ga. App. 337, 341 (723 SE2d 729) (2012); *Thomas v. Gastroenterology Assoc. of Gainesville*, 280 Ga. 698, 699 (632 SE2d 118) (2006). On May 10, 2013, Grady Hospital filed a motion to dismiss the complaint stating with specificity that the expert affidavit filed by the Parents/Estate to comply with OCGA § 9-11-9.1 (a) was defective because the expert, Dr. Shaker, was not competent to testify under the standards set forth in

10

OCGA § 24-7-702 (c) (2). On June 6, 2013, within 30 days of service of the Hospital's motion to dismiss, the Parents/Estate filed the amended expert affidavit from Dr. Shaker purporting to cure the alleged defect. On July 3, 2013, after the 30-day period in OCGA § 9-11-9.1 (e) for curing the alleged defect had expired, the Hospital filed its motion for summary judgment asserting that the amended affidavit failed to cure the defect pointed out in the May 10, 2013 motion to dismiss. Subsection (e) of OCGA § 9-11-9.1 provides under these circumstances that "the plaintiff's complaint shall be subject to dismissal for failure to state a claim. . . ." A dismissal for failure to state a claim is a dismissal on the merits, with prejudice, and renders the suit void and incapable of being renewed pursuant to OCGA § 9-2-61 after expiration of the applicable statute of limitation. *Roberson v. Northrup*, 302 Ga. App. 405 (691 SE2d 547) (2010); *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994). Because dismissal under these circumstances renders the suit void, incapable of being renewed, and the two-year limitation period in OCGA § 9-3-71 (a) applicable to medical malpractice actions had expired, the trial court did not err by dismissing the suit pursuant to the Hospital's motion for summary judgment. See *Nathans*, 282 Ga. at 804-807 (granting summary judgment to defendant where

11

plaintiff failed to comply with requirement in OCGA § 9-11-9.1 that the affidavit be given by an expert competent to testify).

*Judgment affirmed. McFadden, J., concurs. Ray, J., concurs in judgment only.*