**THIRD DIVISION
ANDREWS, MCMILLIAN
and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**May 12, 2017**

# In the Court of Appeals of Georgia

A17A0214. ZIGLAR v. ST. JOSEPH'S/CANDLER HEALTH SYSTEM, INC.

McMILLIAN, Judge.

Appellant Jason Keith Ziglar appeals following dismissal of his complaint for failure to file a sufficient expert affidavit pursuant to OCGA § 9-11-9.1. As more fully set forth below, we now affirm.

"A motion to dismiss based upon the lack of [a sufficient] expert affidavit is a motion to dismiss for failure to state a claim under OCGA § 9-11-12 (b) (6)." (Citation and punctuation omitted.) *Brown v. Tift Health Care, Inc.*, 279 Ga. App. 164, 165 (630 SE2d 788) (2006). "We review a trial court's ruling on a motion to dismiss de novo, viewing all well-pled allegations in the complaint as true." (Citation omitted.) *Hobbs v. Great Expressions Dental Centers of Ga.*, 337 Ga. App. 248, 248

(786 SE2d 897) (2016). So viewed, the sixteen-paragraph complaint alleges that Ziglar was admitted to St. Joseph's/Candler Health System, Inc. ("Hospital") in December 2013. Ziglar, who was unconscious at the time of his admission, developed a Stage IV sacral ulcer during his stay. Ziglar filed a negligence action, contending that the Hospital, nurses and support staff, for whose negligence the Hospital was vicariously liable through theories of agency and respondeat superior, had failed to properly assess and treat the ulcer and had failed to appropriately advocate for his care while he was unconscious. As required by OCGA § 9-11-9.1 in professional negligence actions, Ziglar attached the affidavit of nurse Sandra D. Copeland to his complaint. The Hospital answered and filed a motion to dismiss on the basis that Copeland's affidavit did not meet the requirements of OCGA § 9-11-9.1. The trial court granted the Hospital's motion based solely on the failure to file a sufficient Section 9-11-9.1 affidavit, and Ziglar filed this appeal.

Pursuant to OCGA § 9-11-9.1 (a), plaintiffs who file professional negligence claims against "(1) [a] professional licensed by the State of Georgia and listed in subsection (g) of this Code section; [or] (3) [a]ny licensed health care facility alleged to be liable based upon the action or inaction of a health care professional licensed by the State of Georgia and listed in subsection (g) of this Code section," must file

an expert affidavit with their complaint. Further, the statute also plainly provides that the expert's "*affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim*." (Emphasis supplied.) OCGA § 9-11-9.1 (a) (3).

In pertinent parts, Copeland's affidavit contained the following averments:

"Based on my review of the above-described medical records, it is my opinion within a reasonable degree of medical probability that the staff of St. Joseph's Hospital failed to exercise the standard of care and degree of skill possessed, exercised and employed by the medical profession generally and nurses and support staff with regard to nursing care of patients in medical facilities especially, under similar conditions and like circumstances, by negligently failing to: (1) properly assess and treat Jason Keith Ziglar's wounds; and (2) appropriately advocate for an unconscious patient to ensure that said patient received the monitoring and treatment required."

The Hospital contends this affidavit was fatally defective because: 1) it fails to set forth at least one negligent act or omission claimed to exist; 2) it fails to set forth any factual basis for such a claim against the defendant; and 3) even assuming plaintiff's expert, a nurse, was competent to testify as to the standard of care of the Hospital's nurses, she is not competent to testify about the standard of care of the Hospital's unidentified "support staff" under OCGA § 24-7-702.

3

Our law is clear that "[a]n affidavit under OCGA § 9-11-9.1 which does not state specifically at least one negligent act or omission is fatally defective." (Citation omitted.) *Edwards v. Vanstrom*, 206 Ga. App. 21, 22 (1) (424 SE2d 326) (1992). Here, the affidavit recites only generally that the nurses and staff at the Hospital failed to appropriately treat, assess, and advocate for Ziglar while he was a patient there, and does not contain any specific instances of any of those alleged failures. Moreover, even assuming the general assertions of "failure to assess or treat" were sufficient to state an act or omission of negligence, the affidavit also failed to set out a sufficient factual basis to support such a negligent act or omission. Cf. *Crook v. Funk*, 214 Ga. App. 213, 214 (1) (447 SE2d 60) (1994) (doctor's affidavit sufficient under facts set out in the affidavit). In this regard, the affidavit referred to the medical records but did not attach them, and as to facts otherwise recited only that "[b]eginning in December of 2013, . . . Ziglar was an unconscious patient that was at high risk for the development of pressure ulcers" and "[d]espite the fact that the staff of [the Hospital] knew or should have known of the high risk of pressure ulcers, . . . Ziglar developed a Stage IV sacral ulcer." These are not the type of underlying facts sufficient to support claims of professional negligence for purposes of the Section 9-11-9.1 affidavit. Accordingly, even construing the affidavit in Ziglar's favor, we find

4

that the affidavit here was insufficient on its face to satisfy the requirements of OCGA § 9-11-9.1.

Ziglar argues, however, that his complaint also set out a claim for simple negligence acts by the nonprofessional Hospital support staff for which he did not need a OCGA § 9-11-9.1 affidavit.[1] *Carter v. VistaCare, LLC*, 335 Ga. App. 616, 621 (3) (782 SE2d 678) (2016) (requirement of attaching a Section 9-11-9.1 affidavit does not apply to claims of ordinary negligence); *Padgett v. Baxley and Appling County Hosp. Auth.,* 321 Ga. App. 66, 71 (2) (741 SE2d 193) (2013) (physical precedent only) (CNA is not one of the professionals listed in OCGA § 9-11-9.1 or similar code sections, and expert affidavit not required). It is true that Ziglar's complaint recites that "[t]his action is one for professional negligence, simple negligence and malpractice." But, as Ziglar acknowledges, we are not bound by his characterization of his claims, and instead must review the complaint de novo to discover the nature of Ziglar's claims. "Whether a complaint alleges ordinary negligence or professional malpractice is a question of law for the court." (Citation and punctuation omitted.) *Carter*, 335 Ga. App. at 621 (3).

---

[1] The Hospital sought dismissal only on the basis that the OCGA § 9-11-9.1 affidavit was insufficient.

5

When assessing whether the complaint alleges ordinary negligence, we must liberally construe the allegations of the complaint and only conclude that ordinary negligence has not been alleged if it is foreclosed by the complaint itself[.] In determining, as a matter of law, whether the complaint alleged claims based on ordinary negligence, professional negligence, or both, . . . we look solely to the allegations of the complaint and liberally construe the allegations to state a claim if, within the framework of the complaint, the plaintiff may introduce evidence which will sustain a grant of relief based on the claim. We will conclude that the complaint does not allege a claim only if the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief on the claim under any state of provable facts. (Citations and punctuation omitted.) *Health Mgmt. Assoc. v. Bazemore*, 286 Ga. App. 285 (648 SE2d 749) (2007).

*Chandler v. Opensided MRI of Atlanta, LLC*, 299 Ga. App. 145, 146-47 (1) (682 SE2d 165) (2009).

Ziglar set out two basic claims in the complaint – that the Hospital and its employees, specifically its nurses and support staff, failed to properly treat and assess Ziglar's wounds and the Hospital failed to ensure that, as an unconscious patient, he received the required level of monitoring and treatment, which would logically include detecting the development of ulcers caused by a prolonged bed stay.

6

"Failure to adequately monitor for injuries and failure to assure proper medical care are analogous to claims previously held to fall within the realm of professional medical decision making." *Brown*, 279 Ga. App. at 167. Ziglar alleged negligence based on the failure of the Hospital's nurses and unspecified staff to take the appropriate steps to ensure that he, as an unconscious patient, did not develop a pressure ulcer while confined to his hospital bed and to appropriately treat it once they discovered it. Clearly, just what these steps are and what should have been done to prevent the development of the ulcer would require "highly specialized expert knowledge with respect to which a layman can have no knowledge at all, and the court and jury must be dependent on expert advice." (Citation and punctuation omitted.) *Brown*, 279 Ga. App. at 166-67; see also *Hendrix v. Fulton DeKalb Hosp. Auth.*, 330 Ga. App. 833 (769 SE2d 575) (2015) (physical precedent only) (medical malpractice case involving pressure sores). Likewise, a "medical judgment" clearly would be involved in assessing the severity of the ulcer and prescribing a course of treatment. "'Medical judgments' are 'decisions which normally require the evaluation of the medical condition of a particular patient and, therefore, the application of professional knowledge, skill, and experience.' *Dent v. Mem. Hosp. of Adel*, 270 Ga. 316, 318 (509 SE2d 908) (1998)." *James v. Hosp. Auth. of the City of Bainbridge*,

7

278 Ga. App. 657, 659 (629 SE2d 472) (2006). Here, Ziglar alleged his claims in terms of medical negligence, referring to a failure to exercise or a deviation from acceptable standards of medical care. Thus, even construing the allegations of his complaint broadly in his favor, we conclude that the entirety of Ziglar's claims fall within the realm of professional negligence and therefore were properly dismissed for want of a sufficient OCGA § 9-11-9.1 affidavit.

*Judgment affirmed. Andrews and Rickman, JJ., concur*.