**FIRST DIVISION
BARNES, P. J.,
GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 12, 2020**

# In the Court of Appeals of Georgia

A20A0419. MITCHELL v. PARIAN, et al.

BARNES, Presiding Judge.

David Mitchell appeals from an order of the Fulton County Superior Court dismissing the legal malpractice action he filed against Randall Cade Parian and Parian Injury Law, LLC (collectively, "Parian") and Brian Wesley Craig and Wood Craig & Avery, LLC (collectively, "Craig"). In granting the motion, the trial court found that the required affidavit supporting the malpractice claim was insufficient because the affiant was a member of the firm representing Mitchell. On appeal, Mitchell challenges this ruling, arguing that the trial court's order is based on a misreading of both OCGA § 9-11-9.1 and Georgia law concerning attorney conflicts of interest. For reasons explained more fully below, we agree with Mitchell and we therefore reverse the trial court's order.

A motion to dismiss a professional malpractice claim "based upon a the lack of a sufficient expert affidavit is a motion to dismiss for failure to state a claim under OCGA §9-11-12 (b) (6)." (Citation and punctuation omitted). *Ziglar v. St. Joseph's/Candler Health System*, 341 Ga. App. 371, 371 (800 SE2d 395) (2017). "We review de novo the trial court's ruling on whether [an expert] affidavit [meets] the pleading requirements of OCGA § 9-11-9.1." *Graham v. Reynolds*, 343 Ga. App. 274, 280 (3) (807 SE2d 39) (2017). And in conducting that review, we view "all well-pled allegations in the complaint as true." *Hobbs v. Great Expression Dental Centers of Ga.*, 337 Ga. App. 248, 248 (786 SE2d 897) (2016).

Here, the complaint alleges that Mitchell retained Parian to represent him in a personal injury action. Without informing Mitchell, Parian referred the case to Craig.[1] Despite the fact that no member of the firm had spoken with Mitchell, Craig filed a personal injury action on his behalf in Fulton County State Court. During the two years after he retained Parian, Mitchell contacted the firm on a number of occasions to inquire about his case. Parian told Mitchell that his case was "chugging along," and never revealed that the case was being handled by a different law firm.

---

[1] It appears from the record that the Parian and Craig law firms are located in the same building.

Although the defendants in the personal injury action noticed Mitchell's deposition on a number of occasions, neither Parian nor Craig notified Mitchell of this fact and Mitchell therefore failed to appear. The personal injury defendants then filed a motion to compel and a motion for sanctions, but neither Craig nor Parian contacted Mitchell to inform him of the pending motions. . As a result of the motions, Mitchell's pleadings were stricken and his personal injury case was dismissed with prejudice. After learning of the dismissal of his case, Mitchell reviewed the complaint filed by Craig on his behalf and saw that it contained allegations "which bore little resemblance to the facts" of Mitchell's case. It appeared to Mitchell that Craig had used a complaint the firm filed in a different case and simply substituted Mitchell as the plaintiff.

Following the dismissal of his personal injury action, Mitchell retained attorney William Ney to represent him in the current malpractice action. Acting on Mitchell's behalf, Ney filed the complaint at issue on May 9, 2019. Attached to the complaint was the affidavit of Jacob Rhein, an attorney licensed to practice law in Georgia. Rhein averred that he was familiar with the standard of care for Georgia attorneys and that, in his opinion, Parian and Craig had breached the applicable standard with respect to their representation of Mitchell. Rhein also identified the specific conduct

of Parian and Craig that, in his opinion, breached the standard of care. Rhein executed his affidavit on April 30, 2019, and the following day he and Ney formed the law firm of Ney Rhein, LLC.

Parian and Craig moved to dismiss the complaint on the grounds that Mitchell had failed to comply with the affidavit requirement of OCGA § 9-11-9.1. Specifically, Parian and Craig argued that because Rhein was a member of Ney's law firm, Rhein was not competent to provide the affidavit required to support a legal malpractice action. Following a hearing on the motion to dismiss, the trial court granted the same, finding "an inherent conflict between Rhein making the affidavit as a witness and being a member of the law firm" representing Mitchell. Mitchell now appeals from that order.

OCGA § 9-11-9.1 provides, in relevant part, that in any action asserting a claim for legal malpractice, the plaintiff is "required to file with the complaint and affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." OCGA § 9-11-9.1 (a). The question presented by this case is whether the affidavit given by a lawyer who, although not involved directly in the representation of the plaintiff, is a member of the law firm representing the plaintiff, satisfies the

requirements of the statute. The trial court answered this question in the negative, and Mitchell now argues that the trial court's ruling should be reversed because it imposes a new qualification for an affiant that is not mandated by the legislature. Additionally, Mitchell contends that the fact that an affiant is a member of the law firm representing the plaintiff creates no inherent conflict of interest preventing the affiant from testifying. We agree with Mitchell.

1. As its language demonstrates, "OCGA § 9-11-9.1 imposes a pleading requirement, not an evidentiary requirement." *Graham*, 343 Ga. App. at 280 (3). Moreover, "because OCGA § 9-11-9.1 constitutes an exception to the general liberality of pleading allowed under the Civil Practice Act, it is to be construed in a manner consistent with the liberality of the Act, so long as such a construction does not detract from the [statute's] purpose, which is to reduce the filing of frivolous malpractice suits." (Citation and punctuation omitted.) *Gala v. Fisher*, 296 Ga. 870, 875 (770 SE2d 879) (2015). Accordingly, Georgia's appellate courts have been reluctant to read into the statute requirements for an affidavit and/or qualifications for an affiant that are not expressly set forth in the law. See id. (rejecting argument that OCGA § 9-11-9.1 (e) did not allow plaintiff to substitute a new affidavit from a different affiant but instead allowed only an amendment to an original affidavit

because the relevant statutes did not contain such a restriction); *Morris v. Atlanta Legal Aid Society*, 222 Ga. App. 62, 64-65 (2) (473 SE2d 501) (1996) (affirming dismissal of a legal malpractice claim, but noting that, although not dispositive to the outcome, the trial court erred in imposing requirements on an affiant not contained in the statute).

The text of OCGA § 9-11-9.1 makes clear that the statute requires only that an affiant in a professional malpractice action be "competent to testify" as to the opinion set forth in his or her affidavit. And as a general rule, the standard for determining an expert's competence to testify is governed by OCGA § 24-7-702, which addresses the necessary qualifications for an expert witness. *Hendrix v. Fulton DeKalb Hospital Authority*, 330 Ga. 833, 835 (769 SE2d 575) (2015). See also *Graham*, 343 Ga. App. at 276 (1) ("OCGA § 24-7-702 (c) sets forth specific competency requirements for experts in professional malpractice actions."). Under that statute, an affiant in a professional malpractice action must be "qualified as to the acceptable standard of conduct of the professional whose conduct is at issue." OCGA § 24-7-702 (c). Additionally, "at the time the act or omission [of the defendant] is alleged to have occurred," the affiant must have been "licensed by an appropriate regulatory agency to practice his or her profession in the state in which such expert was practicing . . .

6

." *Id.* Thus, OCGA § 9-11-9.1 places no limitations on an expert's qualifications beyond those found in OCGA § 24-7-702, and nothing in Georgia's statutory scheme prohibits Rhein from giving the affidavit at issue in this case.

2. Without addressing the fact that Rhein met the statutory qualifications for an expert witness, the trial court concluded that Rhein was not competent to provide the requisite affidavit. Specifically, the court found that, regardless of his or her qualifications, no member of a law firm representing the plaintiff in a legal malpractice action may be considered a competent witness under OCGA § 9-11-9.1 because such a witness would have an "inherent conflict." The trial court's summary legal conclusion, however, has no support in the law.

The sole legal authority cited by the trial court, *Delevan v. State*, 345 Ga. App. 46 (811 SE2d 71) (2018), provides no support for the court's holding. *Delevan* held that under Georgia's Rules of Professional Conduct ("GRPC"), "an attorney may not ethically present a claim that he provided a client with ineffective assistance of counsel" because the attorney will be a necessary witness at any hearing on such a claim, and his testimony could conflict with that of the client. 345 Ga. App. at 49-50 (1). The opinion further held that where a conflict of interest prevents an attorney from representing a client, the GRPC disqualify all members of that attorney's firm

7

from the representation. Id. at 52 (2). In sum, therefore, *Delevan* stands for the well-accepted legal proposition that the GRPC will not allow either a lawyer or his firm to represent a client where: (1) a member of the firm will be a necessary witness of the trial of the case; and (2) that witness's testimony is likely to be adverse to or otherwise in conflict with the client's interests. Id. Whether a lawyer and/or his firm should be disqualified, however, is a very different question from the one presented by this case, which is whether a member of the firm representing Mitchell could provide the affidavit required by OCGA § 9-11-9.1. And the GRPC do not prohibit Rhein from providing such affidavit testimony.

Rule 3.7 provides, in relevant part, that a lawyer "*act[ing] as [an] advocate at trial*" may not serve as a witness at trial except under limited circumstances.[2] (Emphasis supplied.) GRPC 3.7 (a). Rule 3.7 further provides, however, that "[a] lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7[3] or Rule

---

[2] Those limited circumstances include when: "(1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client." GRPC 3.7 (a).

[3] Rule 1.7 provides, in relevant part, that "[a] lawyer shall not represent or continue to represent a client if there is a significant risk that the lawyer's own

8

1.9.[4]" GRPC 3.7 (b).[5] Thus, the GRPC clearly allow a lawyer representing a client at trial to call another member of his firm to testify, provided the testimony will not be adverse to or otherwise conflict with the client's interests. And here, Rhein's affidavit testimony in support of Mitchell's legal malpractice claim does not conflict with Mitchell's interests; instead, it serves to advance those interests. Accordingly, the trial court erred in finding that an "inherent conflict" rendered Rhein incompetent to provide the affidavit testimony at issue.[6]

---

interests or the lawyer's duties to another client, a former client, or third person will materially and adversely affect the representation of the client . . . ." GRPC 1.7 (a).

[4] Rule 1.9 provides, in relevant part, that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client . . . ." GRPC 1.9 (1).

[5] In their brief, the Parian defendants assert that this provision of the GRPC is invalid because "it is in clear conflict with the common law of this state." Parian, however, provides no legal authority to support their assertion regarding this alleged conflict. Nor do they offer any reasoned legal argument for why, in the event of such a conflict, the common law should prevail.

[6] We emphasize that the case law cited by both sides, as well as Rule 3.7, address lawyer's testifying at trial. The question in this case, however, is whether a lawyer may provide statutorily required testimony at the pleading stage of the case. This fact reinforces our conclusion that the affidavit in question was permissible. We have held previously that the concerns that arise when a lawyer associated with the case is a necessary witness at trial do not impact that attorney's participation in pretrial proceedings. See *Clough v. Richelo*, 274 Ga. App. 129, 137-138 (2) (616

9

3. Finally, we find no merit in Parian's and Craig's assertions that allowing a member of the law firm representing the plaintiff to provide the requisite affidavit will defeat the purpose of OCGA § 9-11-9.1. As noted above, Georgia's legislative scheme operates to safeguard against the filing of frivolous malpractice suits by requiring a supporting affidavit given by an affiant who meets the qualifications set forth in OCGA § 24-7-702. Additionally, the contents of the affidavit must meet the requirements set forth in OCGA § 9-11-9.1. And here, neither Parian nor Craig has challenged Rhein's qualifications as an expert witness. Nor have they challenged the sufficiency of the contents of Rhein's affidavit. Put another way, none of the defendants have argued, much less established, that Rhein's status as Ney's law partner has resulted in the filing of a frivolous malpractice claim against them. Thus, it appears that the statutory requirements have worked as intended in this case.

For the reasons set forth above, we reverse the trial court's order granting the motion to dismiss for failure to file an affidavit satisfying the requirements of OCGA § 9-11-9.1.

*Judgment reversed. Gobeil and Pipkin, JJ., concur.*

SE2d 888) (2005).

10